## WHITESIDE v. HASELTON & Others.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF TENNESSEE.

Argued January 14th, 15th, 1884.—Decided January 28th, 1884.

*Appeal—Estoppel—Evidence—Jurisdiction—Lis Pendens—Practice.*

1. The relief sought for in equity was partition of real estate in defendant's possession with denial of plaintiff's title, accounting, and recovery of rents in arrear. The record did not show affirmatively that the amount in controversy exceeded $5,000. On a motion to dismiss the appeal for want of jurisdiction, the court received affidavits as to the value of the property, and finding it established at over $5,000, retained jurisdiction of the cause.

2. B and E were tenants, under a lease from W, of an undivided interest in a mine. After the expiration of the lease they remained in possession of the property recognizing the superior title to the whole mine of H, owner of another undivided interest therein, and denying the title of W. W then filed in the State court of Tennessee a bill in equity, charging that B, E, and H had confederated together to defraud W of the property and of the rents and profits, and praying for affirmance of his title and other affirmative relief. The defendants appeared and answered, and a decree was entered recognizing and enforcing the rights of W. Pending the litigation a corporation, of which H was president, organized under the laws of another State, was put in possession of the whole mine and property. In a suit in equity by W against B, E, H, and the corporation to obtain partition, and an accounting, and such rents in arrear as might be found due : *Held,* That the decree in the former suit was conclusive of the rights of W, as against B, E, H, and the corporation.

*Mr. W. H. De Witt* for appellant.

*Mr. George Norris* for appellees.

MR. JUSTICE MILLER delivered the opinion of the court.

The suit in this case was brought originally in the Chancery Court of Marion County, Tennessee, by V. A. Gaskill and his wife, who is now the appellant, H. L. Whiteside.

The defendants were J. C. Haselton, The Bartow Iron Company, of which he was president, James P. Boyce, in his own right and also as executor of Ker Boyce, deceased.

The principal allegation of the bill with which we have to

deal is, that plaintiffs, in right of the wife, were the owners of one undivided half of certain mines, known as the Vulcan Coal Mines; that the half interest of plaintiffs was leased for five years to Badge and Eaton, against whom they had recovered judgments for rent unpaid, and that J. C. Haselton and The Bartow Iron Company had obtained possession of said mine and were operating the same, and refused to recognize plaintiffs' title to the land or interest in the mine, and were confederating with Badge and Eaton to defraud plaintiffs of their lien on the tools, implements, and machinery used in mining, and to keep them out of possession of the property. These mines are situated on section three (3), township two (2), range six (6), and plaintiffs, conceding the title of Haselton, or of The Bartow Iron Company, under him, to the other undivided half of this land, pray for a partition, for an account of the rents, and for general relief, and for a temporary injunction, appointment of a receiver, &c.

The case was removed, on the petition of Haselton and The Bartow Iron Company, into the Circuit Court of the United States for the Eastern District of Tennessee, where, after a hearing on the merits, the bill of the plaintiffs was dismissed.

A motion was made in this court to dismiss the appeal from that decree on the ground that the amount in controversy does not exceed $5,000.

There being no distinct statement anywhere in the record of the value of the property in controversy, the parties were permitted to file affidavits here on that subject. Appellant has accordingly produced the affidavit of R. L. Watkins, who swears he knows the property well, and that the undivided half interest in it claimed by appellant is worth over $5,000, and was so when the suit was brought, aside from the $2,500 for rents claimed by her. The examination of the record makes this very probable, and, as there is no denial on oath of this affidavit, we think the amount in controversy is sufficiently proved to be over $5,000.

The Bartow Iron Company answers the bill—the answer being sworn to by Haselton as its president—and asserts its ownership of the mine, and of the entire quarter section in

which it is found, by purchase from Haselton; and it denies that plaintiffs have any interest whatever in the same.

Haselton also answers and alleges that he was the owner of the property when he sold and conveyed the same to The Bartow Company, and that plaintiffs have no interest in it. He gives a history of the title and previous litigation about it, which, in the view we take of the case, is unimportant.

Upon this issue mainly the case was heard. Much evidence was introduced and is found in the record in the way of depositions, deeds, other suits, decrees, &c.

The common source of title was Erasmus Alley, who, in 1859, conveyed the land in dispute, with many other tracts, to J. Holmes Agnew and James C. Haselton. It embraced a thousand acres and many distinct tracts. In the registration of the deed the southeast quarter of section 3 was omitted, as it is supposed, by accident. It is under this deed that appellant has for years claimed to own the undivided half of the land, and was in possession when the lease to Badge and Eaton was made. Other interests, however, intervened, and the question of innocent purchasers, without notice, embarrasses the case in some of its aspects.

But on the trial there was introduced, by agreement of the parties, the record of a suit about this same land and the same title in the State Chancery Court of Hamilton County, or so much of that record as is necessary to this case.

That suit was brought by Gaskill and wife, December 5th, 1874, against Badge, Eaton, Haselton, and others, prior to the conveyance by Haselton to The Bartow Iron Company, and as there was a decree in favor of plaintiffs it is relied on as conclusive of their rights in this suit against Haselton and The Bartow Company.

We are unable to see why it should not be so.

It was, like the present suit, a bill in chancery to enforce the lien of the plaintiffs for rents under the lease of plaintiffs to Badge and Eaton.

Haselton was made a defendant there, as he is here, on the ground that he had induced Badge and Eaton to recognize his claim and was confederating with them to defraud plaintiffs

out of their rents. Plaintiffs in that suit asserted title to an undivided half of the mine and of the quarter section on which it is located.

Haselton in his answer denied any interest in plaintiffs in the land. He gave an exhibit of the title, whereby he asserted it to be in himself, or nearly all of it, and admitted that he held Badge and Eaton accountable to himself for the rents of the property.

After full hearing, and on the exhibits as to title and other evidence, the court rendered a decree in favor of plaintiffs. This decree was rendered on the 15th day of December, 1876.

It says:

" This cause came on to be heard on the original, amended, and supplemental bills, exhibits thereto attached, and the answers and exhibits thereto attached, and the proofs and other exhibits in the cause, and from all which it appears to the court, and the court adjudges and decrees, that plaintiffs are entitled to the relief prayed in their bill ; that the title to the lands embraced by the terms of the lease, Exhibit A to complainant's original bill and described in the deed from E. Alley to H. L. Whiteside, dated 26th April, 1870 (Ex. A), is and was at that date in complainant Whiteside and superior to the title of the defendants, and that she was on that day . . . in actual possession of said land and premises." . . . " And it further appearing to the court that the said lease of June 1st, 1870, has expired during the proceedings of this litigation, and that the defendants Badge and Eaton decline and refuse to demand or accept a renewal lease as provided for in said Ex. (A), and it further appearing pending this litigation, the said defendants Badge and Eaton have combined and confederated with defendant J. C. Haselton to injure and defraud complainants, and to carry into effect such object delivered over into custody and possession of J. C. Haselton the said leasehold premises, who now, in violation of the rights of complainant, is holding and claiming possession of the same illegally and wrongfully : The chancellor, therefore, upon this branch of the case, and in view of the whole case, declares that the said complainants recover from the defendants the possession of all said leasehold premises, including said Vulcan mines and the

property thereon mentioned in said 'Ex. A,' to be returned to complainant H. L. Whiteside at the termination of said lease, to wit, all the buildings, houses, tramways, tracks, entries, and approaches to said mines and upon said lands, the same having, with the mines and leasehold premises, been agreed and covenanted by defendants Badge and Eaton to be delivered up in good condition to complainant H. L. Whiteside at the expiration of said lease, and a writ of possession will issue, upon demand of complainants, by the clerk and master of this court, to put complainants in the peaceable and quiet, undisturbed possession of the same, and as to all said property the injunction in this cause is made absolute."

Here was an issue raised between Mrs. Whiteside and Haselton as to the title to this property—the same issue and the same title now in question. It was necessary in that case that it should be decided, for if the plaintiff had no title to the land she had no right to recover, and the decree in her favor is that she had such title; that it was paramount or superior to that of defendants, including Haselton; and as by fraudulent confederacy of the lessees with Haselton the latter had possession, a decree for its restoration to plaintiffs was made.

That such a decree is, if the court had jurisdiction to render it, which cannot be questioned, conclusive upon the parties before the court is not doubted. Until reversed, set aside, or annulled by some appropriate judicial proceeding, it concludes Haselton and his privies.

To this it is objected that the suit was between Badge and Eaton and Mrs. Whiteside, as landlord and tenant, and could not bind Haselton.

The answer is, that Haselton had induced Badge and Eaton to acknowledge his title and deny plaintiff's, and when sued and brought into court he accepted the issue, denied plaintiff's title and asserted his own, and his right to the allegiance of the tenants. On that issue of title the decree was clear and full against him, and he must abide by it.

It is argued that it does not bind The Bartow Iron Company, who were innocent purchasers from Haselton.

But they bought *pendente lite,* and by the well-known rule on that subject, are bound by this decree. The suit was commenced December 5th, 1874, Haselton's answer filed April 14th, 1875, and the deed, though without date, from Haselton to the company is acknowledged September 8th, 1875.

It is apparent also that during all the time Haselton was president of The Bartow Iron Company. The fact that the corporation was organized under the laws of another State does not, under these circumstances, relieve it from the rule which governs purchasers of property pending litigation about the title.

We are of opinion that, as this case is presented to us, the decree of the Chancery Court of Hamilton County, Tennessee, is conclusive of the rights of all the parties to this suit.

*The decree of the Circuit Court is reversed, and the case remanded to that court for further proceedings in conformity with this opinion.*