## RICKEY LAND AND CATTLE COMPANY *v.* MILLER AND LUX.

## SAME *v.* WOOD.

### CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE NINTH CIRCUIT.

Nos. 4, 5. Argued January 18, 19, 1910.—Restored to the docket for reargument January 31, 1910.—Reargued October 24, 25, 1910.—Decided November 7, 1910.

One court ought to deal with the whole matter in litigation even where the law of different jurisdictions is involved; foreign law may be ascertained and acted upon and rights depending thereon protected.

Where riparian rights of several parcels of land in different States but on the same river are involved, the courts of both States have concurrent jurisdiction, and the court first seized should proceed to determination without interference.

*Quære*, whether notice to an individual in regard to his property is not notice to a corporation organized by him after such notice and to which he conveys his property.

Where, as in this case, cross-bills are maintainable, jurisdiction in respect to them follows that over the principal bill.

152 Fed. Rep. 11, 22; 81 C. C. A. 207, 218, affirmed.

THE facts are stated in the opinion.

*Mr. Charles C. Boynton* and *Mr. James F. Peck*, with whom *Mr. Frederic D. McKenney* was on the brief, for petitioners.

*Mr. Aldis B. Browne* and *Mr. E. F. Treadwell*, with whom *Mr. W. B. Treadwell* and *Mr. Alexander Britton* were on the brief, for respondents.

MR. JUSTICE HOLMES delivered the opinion of the court.

These cases are brought to this court by certiorari. The facts material to the understanding and decision of them are these. Miller and Lux is a corporation using the water of the Walker River in Nevada, and claiming rights in the same. The two branches of this river, known as East Fork and West Fork, rise in California and unite in Nevada above Miller and Lux. One Rickey used the water of both of these branches in California, and claimed rights superior to those of the parties lower down on the stream. On June 10, 1902, Miller and Lux brought a bill in equity in the Circuit Court for the District of Nevada against Rickey and certain other defendants, some of whom are respondents in the second of the present cases, to enjoin interference with its use of water. Rickey appeared, pleaded to the jurisdiction that the diversion of water by him was in California, 127 Fed. Rep. 573, and, later, answered. But, after appearing, he with other members of his family organized the petitioning corporation, and he conveyed his lands and rights in California to it. On October 15, 1904, this corporation began two actions in a state court of California against Miller and Lux, the defendants in the bill of Miller and Lux other than Rickey, and others, to quiet its title and establish its prior right to 1575 cubic feet per second on the West Fork and to 504 feet on the East Fork. In December, a few days before they were served with process in the last-

mentioned suits, other defendants in the bill brought by Miller and Lux brought a cross bill against their co-defendant Rickey to establish their priority as against him. In 1906 the bills in these present cases were brought by Miller and Lux, and defendants other than Rickey in the original Miller and Lux suit, to restrain proceedings in the California actions, on the ground that the United States court for Nevada had acquired jurisdiction before the California actions were begun. Injunctions were granted as prayed, and now are before this court for review. 152 Fed. Rep. 11. S. C., 81 C. C. A. 207. Affirming 146 Fed. Rep. 574, 581, 588.

The petitioner contends that there is no conflict of jurisdiction, and that the proceedings in the California court should go on. Its argument is this. When a right is asserted in favor of land in one jurisdiction over land in another, different principles are involved from those that suffice when both parcels are subject to the same law. When such rights have been recognized it has been on the ground of an assumed "concurrence between the two States, the one, so to speak, offering the right, the other permitting it to be accepted. *Manville Co.* v. *Worcester*, 138 Massachusetts, 89." *Missouri* v. *Illinois*, 200 U. S. 496, 521. But still there are two parcels of land subject to different systems of law; and although the rights and liabilities in respect of each may require a consideration of the other if they are to be dealt with completely, the fact remains that each may be regulated by the State where the land lies according to its sovereign will. *Kansas* v. *Colorado*, 206 U. S. 46, 93. If then the courts of one State are about to deal with one parcel they should not be indirectly interfered with by a foreign court that has no power to control the use of the *res*. It is said to be a general principle that apart from some privity, such as is created by contract, trust, or fraud, courts of equity recognize the impropriety of using their power over the

person to achieve such a result. *Northern Indiana R. R. Co.* v. *Michigan Central R. R. Co.*, 15 How. 233, 242–244. *Carpenter* v. *Strange*, 141 U. S. 87. *Norris* v. *Chambres*, 29 Beav. 246, 253, 254. *S. C.*, 3 De G., F. & J. 583, 584. It is conceivable, to be sure, that the decisions of this court may determine that the States have rights as against each other *in invitum* in streams that flow through the land of both. *Kansas* v. *Colorado*, 206 U. S. 46, 84. *Missouri* v. *Illinois*, 200 U. S. 496, 519, 520. These rights may vary according to the system of law required by natural conditions. They may be more or less analogous to common law rights between upper and lower proprietors, where irrigation is not necessary, as in most of the older States. See *New York* v. *Pine*, 185 U. S. 93, 96. There may be some, perhaps limited, right of appropriation in the upper State, at least in the watershed of the stream, where irrigation is the condition of using the land. See *Kansas* v. *Colorado*, 206 U. S. 46, 100–104, 117. But whatever this court may decide, if a private owner should derive advantage from such a decision it would not be in his own right, but by reason of and subordinate to the rights of his State, and those rights, the petitioner insists, can, or at least should be, determined only in a suit brought by the State itself.

But if for any reason the foregoing argument should not have prevailed as against Rickey if he had brought the actions in California after the beginning of the suit in Nevada, the present petitioner is not affected by the proceedings against Rickey, as they were purely personal and did not concern a purchaser of land outside the jurisdiction. To affect a purchaser with a suit against his vendor, it is said that at least the *res* must be within the territorial jurisdiction of the court in which the suit is brought. See *Fall* v. *Eastin*, 215 U. S. 1.

We are of opinion that the petitioner fails to establish the conclusion for which it contends. The alleged rights

of Miller and Lux involve a relation between parcels of land that cannot be brought within the same jurisdiction. This relation depends as well upon the permission of the laws of Nevada as upon the compulsion of the laws. of California. It is true that the acts necessary to enforce it must be done in California and require the assent of that State so far as this court does not decide that they may be demanded as a consequence of whatever right, if any, it may attribute to Nevada. But, leaving the latter possibility on one side, if California recognizes private rights that cross the border line, the analogies are in favor of allowing them to be enforced within the jurisdiction of either party to the joint arrangement. Great Falls Mfg. Co. v. Worster, 23 N. H. 462. Full justice cannot be done and anomalous results avoided unless all the rights of the parties before the court in virtue of the jurisdiction previously acquired are taken in hand. To adjust the rights of the parties within the State requires the adjustment of the rights of the others outside of it. Of course, the court sitting in Nevada would not attempt to apply the law of Nevada, so far as that may be different from the law of California, to burden land or water beyond the state line, but the necessity of considering the law of California is no insuperable difficulty in dealing with the case. Foreign, law often has to be ascertained and acted upon, and one court ought to deal with the whole matter.

We are of opinion, therefore, that there was concurrent. jurisdiction in the two courts, and that the substantive issues in the Nevada and California suits were so far the same that the court first seized should proceed to the determination without interference, on the principles now well settled as between the courts of the United States and of the States. Prout v. Starr, 188 U. S. 537, 544. Ex parte Young, 209 U. S. 123, 161, 162.

As to the argument that the Rickey Land Company is not affected by any priority that may have been gained

as against Rickey, it might be a question, even if the petitioner was a purchaser without notice, whether the purchaser would not be confined to asserting its rights in the pending cause. See *Whiteside* v. *Haselton,* 110 U. S. 296, 301. But in this case, if the judge below was of opinion as matter of fact on what appears that the institution of the petitioner was merely a device to dodge the jurisdiction of the Nevada court, and that the Rickey Land and Cattle Company was merely Rickey under another name, we could not say that his finding was wrong.

It is urged that the cross bills on which the bill and injunction in the second case were based were not maintainable because not in aid of the defenses to the original suit of Miller and Lux. But it might very well be, as was shown by the argument for the respondents, that even if they admitted the right of Miller and Lux still a decree as between themselves and other defendants would be necessary in order to prevent a decree for Miller and Lux from working injustice. See further, *Ames Realty Co.* v. *Big Indian Mining Co.,* 146 Fed. Rep. 166. The cross bills being maintainable the jurisdiction in respect of them follows that over the principal bill.

*Decrees affirmed.*