## In re GEORGIA POWER CO.
## GEORGIA POWER CO. v. TENNESSEE VALLEY AUTHORITY.
### Nos. 8339, 8344.

Circuit Court of Appeals, Fifth Circuit.
March 17, 1937.

Walter T. Colquitt, of Atlanta, Ga., and Barry Wright, of Rome, Ga., for appellant.

James Lawrence Fly, Gen. Counsel, Tennessee Valley Authority, William C. Fitts, Jr., Atty. for Tennessee Valley Authority, both of Knoxville, Tenn., and M. Niel Andrews, Asst. U. S. Atty., of Atlanta, Ga., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

FOSTER, Circuit Judge.

These cases may be conveniently disposed of by one opinion.

No. 8339 presents a petition for mandamus to compel District Judge Underwood to grant a motion of petitioner to dismiss a suit brought by it against Tennessee Valley Authority.

No. 8344 is an appeal from a decree entered in the said suit granting an interlocutory injunction in favor of Tennessee Valley Authority and against Georgia Power Company, after the denial of the motion to dismiss.

The pleadings and exhibits are voluminous, but the material facts may be somewhat briefly stated, as follows: In April, 1936, Georgia Power Company, a Georgia public service corporation, engaged in the business of selling and distributing electrical power, filed a suit in the superior court of Catoosa county, Ga., against Tennessee Valley Authority and Catoosa County Cooperative Association, Inc. The last-named company did not enter an appearance and hereafter may be disregarded. The other parties will be referred to respectively as plaintiff and defendant. The petition alleged that plaintiff owned an electrical transmission line in Catoosa county and defendant was engaged in building a parallel transmission line which at a designated point would cross over plaintiff's line, creating a dangerous situation and amounting to a trespass. By appropriate and lengthy allegations the petition challenged the validity of the federal law creating defendant, on the ground that Congress was without authority to enact it; denied that defendant had the right to build its line; and denied that defendant had the right to do anything in Georgia in respect of furnishing electrical power. The petition prayed for interlocutory and final injunctive relief. The suit was removed to the United States District Court for the Northern District of Georgia. The bill was twice amended by leave of court and answers were filed by defendant.

After issue joined, plaintiff pressed the application for an interlocutory injunction. On May 28, 1936, the federal court in Georgia, Circuit Judge Sibley, sitting by designation, denied plaintiff an interlocutory injunction, for reasons stated in a published opinion. Georgia Power Co. v. Tennessee Valley Authority (D.C.) 14 F. Supp. 673. Appeal was not taken from this decree.

On May 29, 1936, the next day after the adverse ruling, plaintiff joined with eighteen other electric power companies, claiming to be similarly situated, in filing a suit in the chancery court at Knoxville, Tenn., against defendant, which suit was entitled Tennessee Electric Power Com-

pany et al. v. Tennessee Valley Authority et al. In this new suit the bill had evidently been prepared long in advance, contained practically the same allegations of unconstitutionality and want of authority on the part of defendant, and prayed for substantially the same relief as did the bill pending in the federal court in Georgia. At the same time a similar suit was filed by Georgia Power Company and others in the United States District Court for the Northern District of Alabama. This suit was subsequently abandoned.

The suit filed in the state court in Tennessee was removed to the United States District Court for the Eastern District of Tennessee. Defendant joined issue and pleaded the pendency of the suit in the federal court in Georgia without avail. On December 22, 1936, the federal court in Tennessee granted an interlocutory injunction which had the effect of overruling the order of the federal court in Georgia, entered on May 28, 1936, and substantially granted the temporary relief denied in that suit. In the meantime nothing had been done in the suit in the federal court in Georgia.

On January 2, 1937, defendant gave plaintiff notice that on January 8, 1937, it would apply to the federal court in Georgia for an interlocutory injunction. On January 4, 1937, defendant filed the motion.

On January 8, 1937, the motion of defendant came on for hearing, contradictorily with plaintiff, before District Judge Underwood. Before the hearing started, plaintiff moved to dismiss its suit without prejudice. This was denied. Plaintiff then moved to dismiss "without qualification." This was also denied. Plaintiff did not move to dismiss "with prejudice." The hearing then proceeded and the court granted defendant an interlocutory injunction pendente lite. In substance, the interlocutory decree enjoined and restrained plaintiff, its counsel of record, its officers and agents, from taking, authorizing, or permitting any action to enforce the interlocutory injunction issued by the federal court in Tennessee, on December 22, 1936, in so far as it related to the rights of defendant to construct transmission and rural distribution lines in Georgia, to negotiate or execute contracts for the sale of power within said state, to construct necessary facilities therefor or to carry on business or operations generally in the State of Georgia. The injunction also prohibited

plaintiff from continuing with the proceedings in the Tennessee case in so far as that might conflict with the rights of defendant under decree of the federal court in Georgia denying temporary injunctive relief, unless authorized by that court.

The petition for mandamus was filed before the appeal was taken. A rule nisi issued and Judge Underwood made a return. The appeal was then taken and further action on the petition for mandamus was delayed pending a hearing on the appeal.

█ The rule as to the right of a plaintiff to dismiss his suit is clearly stated in Pullman's Palace Car Co. v. Central Transportation Co., 171 U.S. 138–145, 18 S.Ct. 808, 811, 43 L.Ed. 108, as follows: "The general proposition is true that a complainant in an equity suit may dismiss his bill at any time before the hearing, but to this general proposition there are some well recognized exceptions. Leave to dismiss a bill is not granted where, beyond the incidental annoyance of a second litigation upon the subject-matter, such action would be manifestly prejudicial to the defendant."

In that case the Circuit Court had declined to permit the plaintiff to dismiss the bill. The Supreme Court held that it was within the discretion of the Circuit Court to grant or deny the motion to dismiss and affirmed the order. It is true the case had progressed much further towards final judgment than had the case at bar. The affirmance rested mainly on that ground but the Supreme Court also held that the fact that defendant has asked permission to file a cross-bill, seeking affirmative relief, furnished an additional ground for denying the motion to dismiss. The rule above stated was referred to with approval in Jones v. Securities & Exchange Commission, 298 U.S. 1–17-19, 56 S.Ct. 654–658, 659, 80 L.Ed. 1015. It is unnecessary to further review the authorities as each case depends upon its own peculiar facts.

The ruling of Judge Sibley did not decide anything as to the ultimate rights of the parties, but defendant obtained a substantial advantage by the refusal of the court to grant an interlocutory injunction to plaintiff. This left defendant free to continue business in Georgia uninterruptedly until further orders of the court or final disposition of the suit. The motion

for an interlocutory injunction by defendant was in the nature of a cross bill seeking affirmative relief and was filed several days before the motion to dismiss. It was an advantage to defendant to have its motion for injunction considered in the pending proceedings. Both advantages would be lost and defendant prejudiced by the dismissal of the suit.

Rarely has a conflict arisen between two federal courts in a civil case. With regard to conflicts between state and federal courts, which occur frequently, the rule is so well settled as to be considered elementary. There is no logical reason why it should differ as to Federal Courts. Compare In re Johnson, 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103. In Harkrader v. Wadley, 172 U.S. 148–163, 19 S.Ct. 119, 125, 43 L.Ed. 399, it was said: "Two propositions have been so firmly established by frequent decisions of this court as to require only to be stated: First. [This has no application here.] Second. When a state court and a court of the United States may each take jurisdiction of a matter, the tribunal where jurisdiction first attaches holds it, to the exclusion of the other, until its duty is fully performed and the jurisdiction involved is exhausted; and this rule applies alike in both civil and criminal cases."

We consider the just stated rule applies with equal force in conflicts between federal courts in civil cases where the jurisdiction is concurrent. While the federal courts in Georgia and Tennessee had concurrent jurisdiction over the parties and the subject matter of the suit, it is beyond dispute that the jurisdiction of the federal court in Georgia first attached. We find no abuse of discretion in the refusal of that court to permit plaintiff to dismiss the suit. It necessarily follows that that court, having prior jurisdiction of the cause, as between plaintiff and defendant, was authorized to issue an interlocutory injunction to preserve its jurisdiction. Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714, 13 L.R.A. (N.S.) 932, 14 Ann.Cas. 764; Rickey Land & Cattle Co. v. Miller & Lux, 218 U.S. 258, 31 S.Ct. 11, 54 L.Ed. 1032; Looney v. Eastern Texas R. Co., 247 U.S. 214, 38 S. Ct. 460, 62 L.Ed. 1084.

The petition for a writ of mandamus is denied. The decree granting the interlocutory injunction is affirmed.