### TEXAS PAC. COAL & OIL CO. v. MAYFIELD et al.

No. 11436.

Circuit Court of Appeals, Fifth Circuit.

Jan. 24, 1946.

claimed any interest in the land since its ownership by J. W. Mayfield, and whose leases or conveyances it sought to cancel, were made defendants. Among these were the Malone heirs, who filed an answer and counterclaim wherein they adopted such parts of the original complaint as were designed to show that title theretofore had been lawfully vested in them. They prayed for a cancellation of all their conveyances to vendees, with the exception of the lease now held by appellant, on the ground that the same had been obtained by fraud and duress. Since the chain of title stemming from the conveyance by Mayfield to Prather was antagonistic to any claim of title to the Malones, they likewise sought to have the former chain of title canceled.

The Malone defendants here, having no joint interests with appellant, were not indispensable parties plaintiff, and were not required to be realigned. The Court below erred in treating them as plaintiffs. Facts forming the basis of realignment must exist at the time of filing the original suit. Rex Co. v. International Harvester Co. et al., 5 Cir., 107 F.2d 767; First Trust & Savings Bank v. Iowa-Wisconsin Bridge Co., 8 Cir., 98 F.2d 416, certiorari denied Phoenix Finance Corporation v. Iowa-Wisconsin Bridge Co., 305 U.S. 650, 51 S.Ct. 243, 83 L.Ed. 420; Republic National Bank & Trust Co. et al. v. Massachusetts Bonding & Ins. Co. et al., 5 Cir., 68 F.2d 445; Detroit Tile & Mosaic Co. v. Mason Contractors' Ass'n et al., 6 Cir., 48 F.2d 729; Venner v. Great Northern Railway, 209 U.S. 24, 28 S.Ct. 328, 52 L.Ed. 666.

Parties defendant will not be realigned if there remains in the case any issue as to which plaintiff needs some relief against such parties. Till et al. v. Hartford Accident & Indemnity Co., 10 Cir., 124 F.2d 405.

Federal jurisdiction in this case attached upon the filing of the original bill of complaint, and was not affected by the filing of the cross-bill or counterclaim. Wichita R. & Light Co. v. Public Utilities Comm., 260 U.S. 48, 43 S.Ct. 51, 67 L.Ed. 124; Rickey Land & Cattle Co. v. Miller & Lux, 218 U.S. 258, 31 S.Ct. 11, 54 L.Ed. 1032; Boesenberg v. Chicago Title & Trust Co., 128 F.2d 245, 141 A.L.R. 565; Brelsford v. Whitney Trust & Savings Bank et al., 5 Cir., 69 F.2d 491; Ford, Bacon & Davis, Inc. v. Volentine, 5 Cir., 64 F.2d 800. Probably jurisdiction of the latter may be upheld as

Wm. H. Watkins, of Jackson, Miss., and David B. Trammell, of Fort Worth, Tex., for appellant.

M. M. McGowan, Harry G. Gwinnup, and Forrest B. Jackson, all of Jackson, Miss., E. L. Brunini and M. E. Ward, both of Vicksburg, Miss., and W. A. Geisenberger, of Natchez, Miss., for appellee.

Before HOLMES, WALLER, and LEE, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment dismissing appellant's complaint on the ground that it did not present a controversy wholly between citizens of different states, an essential basis of federal jurisdiction in this case. The complaint stated such a controversy of the requisite jurisdictional amount, and there was no proof that any of the averments was false; but the Court below realigned the parties for jurisdictional purposes, which resulted in placing citizens of Mississippi on both sides of the controversy and thereby defeating federal jurisdiction. The correctness of such realignment is the only question before us at this time.

This suit was filed by appellant to quiet its title to a leasehold mineral interest in land in Mississippi. All persons who had

958

ancillary to an adjudication of the issues involved in the original bill, but that question is not before us. Dobie on Federal Procedure (1928 Ed.) Sec. 84; Lesnik v. Public Industrial Corporation, 2 Cir., 144 F.2d 968.

The judgment appealed from is reversed, and the cause is remanded to the District Court for further proceedings not inconsistent with this opinion.