## UNITED STATES v. WESTERN PA. SAND & GRAVEL ASS'N et al.

**Crim. A. No. 13855, Supplemental to Civ. A. No. 780.**

United States District Court
W. D. Pennsylvania.

June 23, 1953.

William L. Maher, Acting Chief, Middle Atlantic Office Antitrust Division, Philadelphia, Pa., for the United States.

R. A. McCrady, Charles Kenworthy, Pittsburgh, Pa., for respondents.

GOURLEY, Chief Judge.

This is a motion for preliminary injunction to prevent dissolution of the McCrady-Rodgers Company.

Pursuant to a consent decree entered in this court on February 21, 1940, the Mc-Crady-Rodgers Company together with divers respondents were enjoined from certain actions conducted in violation of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1–7, 15 note.

Under the provisions of Section IV of the decree, jurisdiction of said cause and the parties thereto was retained by the court for the enforcement and compliance with the decree.[1]

On April 20, 1953, a petition for order to show cause why respondents should not be found in criminal and civil contempt, together with supporting affidavit was filed in this court alleging violations of the decree by the above-named respondents. The prayer of said petition prayed in part for additional and further equitable relief in order to assure future compliance with the decree.

On April 20, 1953, there was issued by this court an order to show cause why the respondents should not be adjudged to be in criminal and civil contempt of this court for having violated the decree heretofore entered by this Court.

On May 15, 1953, the McCrady-Rodgers Company filed a petition, and affidavit in support thereof, to vacate said order to show cause, representing to the court that

1. "IV. That jurisdiction of this cause and of the parties hereto is retained for the purpose of giving full effect to this decree and for the enforcement of compliance therewith, and for the further purpose of making such other and further orders and decrees or taking such other action as may from time to time be appropriate in relation to the construction of or carrying out of this decree or for the modification thereof on the application of any of the parties thereto."

pursuant to a resolution adopted by its board of directors and authorization of its stockholders a "Certificate of Election to Dissolve" was duly filed in the Department of State for the Commonwealth of Pennsylvania on November 18, 1952.

On June 4, 1953, a motion for preliminary injunction to prevent dissolution of Mc-Crady-Rodgers Company, together with a supporting affidavit was filed in this court, praying this court to restrain the dissolution of said company pending final adjudication of the merits of this action.

On June 4, 1953, a motion for temporary restraining order to prevent dissolution of the McCrady-Rodgers Company, together with supporting affidavit was filed in this court praying this court to restrain the dissolution of said company pending final hearing and determination of aforesaid motion for preliminary injunction.

On June 4, 1953, there was entered in this court an order restraining respondent Mc-Crady-Rodgers Company from taking further action in furtherance of its dissolution pending final hearing and determination of the aforesaid motion for preliminary injunction, which hearing was held on June 11, 1953.

By stipulation of the parties and approval of the court entered on June 12, 1953, said restraining order was extended, as modified, to July 3, 1953.

■ The basic and underlying principle of law has long prevailed that a court by necessity has the power and authority to issue all writs and orders to preserve and maintain jurisdiction of the principal cause of action as well as the parties thereto. This doctrine has been deeply imbedded into a federal jurisprudence, and through the years has nurtured and fed life-blood to the federal judicial organism.

28 U.S.C.A. § 1651(a) provides as follows:

"The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

Although the McCrady-Rodgers Company dissolution proceedings do not in any way involve any other court, Title 28 U.S.C.A. § 2283, may be said to lend enlightenment to the court's power and reflect an additional measure of statutory authority for the basic proposition found in Section 1651. Said Section provides as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

■ The law is unequivocal that the reference to "writs" in Section 1651 includes injunctions. Nor is Section 2283 a bar to such injunctions in aid of jurisdiction. Dietzsch v. Huidekoper, 103 U.S. 494, 26 L.Ed. 497; In re Nine North Church Street, Inc., 2 Cir., 82 F.2d 186.

The injunctive relief requested herein is directed at the voluntary action of a corporation and its officers, and no state court proceeding or state agency is to be subjected to or affected by the proposed order.

It is clear, therefore, that Section 2283 not only is not a bar to such an injunction, but in fact expressly excepts, and therefore authorizes, injunctions in aid of the court's jurisdiction and those to protect or effectuate its judgments. The fact that the aforesaid portions of Section 2283 appear as exceptions reflects additional emphasis upon the clear intent of Congress to provide the several courts with the power and authority to perform the functions for which they were created. Rickey Land & Cattle Co. v. Miller & Lux, 218 U.S. 258, 31 S.Ct. 11, 54 L.Ed. 1032; Ex parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714.

■ If this court were to permit respondent to complete its dissolution, this court's jurisdiction over respondent would be in imminent peril, particularly, in view of respondent's motion now pending to abate the government's action on the basis of respondent's pending dissolution.

Obviously the motion is presently premature, and thus not well taken since a Penn-

**160**

sylvania corporation does not go out of existence until "Articles of dissolution" have been approved. 15 P.S. §§ 2852–1103, 1104, 1105.

Without casting any reflection or questioning the good faith or motive of respondent, I can envision the denial of relief to the government under similar circumstances as being frought with danger to the public interest and contravening the best interests of public policy.

Undoubtedly, if corporations could escape criminal or civil liability by the simple device of dissolution, the avenue would develop whereby individuals could organize a corporation for the purpose of perpetrating fraud, and then dissolve at such time as their machinations have been discovered.

It is not the intention of this court to impose any obstacle or burden in the orderly disposition of the respondent's assets. In this regard, I shall direct that respondent may without hindrance dispose in any manner of any of its assets, providing merely that respondent be restrained from securing the issuance of a certificate of dissolution from the Department of State of the Commonwealth of Pennsylvania, in order that the jurisdiction of this court may be preserved.

The court enters the following findings of fact and conclusions of law:

### Findings of Fact

1. On February 21, 1940, the respondent, McCrady-Rodgers Company, together with divers respondents were enjoined from certain actions conducted in violation of the Sherman Anti-Trust Act.

2. On April 20, 1953, a petition for order to show cause why respondents should not be found in criminal and civil contempt, together with supporting affidavit was filed in this court alleging violations of the decree by the above-named respondents. The prayer of said petition prayed in part for additional and further equitable relief in order to assure future compliance with the decree.

3. On April 20, 1953, there was issued by this court an order to show cause why the respondents should not be adjudged to be in criminal and civil contempt of this court for having violated the decree heretofore entered by this court.

4. On May 15, 1953, the McCrady-Rodgers Company filed a petition and affidavit in support thereof to vacate said order to show cause, representing to the court that pursuant to a resolution adopted by its board of directors and authorization of its stockholders a "Certificate of Election to Dissolve" was duly filed in the Department of State for the Commonwealth of Pennsylvania on November 18, 1952.

5. On June 4, 1953, a motion for preliminary injunction to prevent dissolution of McCrady-Rodgers Company, together with a supporting affidavit was filed in this court, praying this court to restrain the dissolution of said company pending final adjudication of the merits of this action.

6. On June 4, 1953, a motion for temporary restraining order to prevent dissolution of the McCrady-Rodgers Company, together with supporting affidavit was filed in this court praying this court to restrain the dissolution of said company pending final hearing and determination of aforesaid motion for preliminary injunction.

7. On June 4, 1953, there was entered in this court an order restraining respondent McCrady-Rodgers Company from taking further action in furtherance of its dissolution pending final hearing and determination of the aforesaid motion for preliminary injunction.

8. By stipulation of the parties and approval of the court entered on June 12, 1953, said restraining order was extended, as modified, to July 3, 1953.

### Conclusions of Law

1. This court has jurisdiction of the respondents, including respondent McCrady-Rodgers Company.

2. This court has the power and authority in its discretion to issue all writs necessary or appropriate in aid of its jurisdiction.

3. This court will lose jurisdiction of McCrady-Rodgers Company if said Company is permitted to complete its dissolution.

4. This court has the power and authority to issue a preliminary injunction against a corporation in the process of voluntary dissolution to maintain jurisdiction of the corporation and to maintain the status quo pending final adjudication of the merits of an action pending in this court.

5. This court should exercise its discretion to grant a preliminary injunction in order to preserve its jurisdiction.

An appropriate order is entered.