**Reverend Dick HORNE et al., Plaintiffs,**

v.

**Parker LEWIS et al., Defendants.**

**Civ. A. No. 3160.**

United States District Court
S. D. Mississippi,
Jackson Division.

July 31, 1962.

Alexander & King, Thomas R. Crews, Jackson, Miss., for plaintiffs.

B. D. Statham, Magnolia, Miss., Gerald M. McMillan, Louis Alford, Joe N. Pigott, McComb, Miss., William S. Henley, Jackson, Miss., for defendants.

COX, Chief Judge.

◼ The Plaintiffs instituted this diversity suit to remove as a cloud on their undivided interest in the title to twenty acres of land in Pike County an unrecorded conveyance to and adverse possession for more than ten years asserted by Parker Lewis, now n. c. m., to said lands. The Defendants Rudman and Williams live in Texas and were served with process by publication and have not answered. There are other Defendants who are residents of Texas. A motion is made by the Defendants to realign Rudman and Williams as Plaintiffs and then dismiss the suit for lack of jurisdiction. Admittedly, as the suit is presently cast, if the plaintiffs won they would receive only 3.125 barrels of oil out of 100 barrels produced from the property while Rudman would receive 87.1875 barrels and Raymond A. Williams, Jr., would receive 9.6875 barrels of oil. Rudman bought three-fourths of the Plaintiffs minerals under this land from the Plaintiffs prior to this suit and conveyed one-tenth thereof to his attorney, Williams. The Defendants Rudman and Williams likewise owned an interest in this land which was acquired through the source of title sought to be cancelled as a cloud on Plaintiffs title to this land. Consequently, as presently cast, if the Defendants won this suit, Rudman would receive only 53.4668%, Williams would receive 5.4199% and Parker Lewis and his successors in title other than Rudman and Williams would receive 41.1133% of the production of minerals from said lands. Consequently it is contended that Rudman and Williams are more interested and stand to gain more as Plaintiffs and should, therefore, be made involuntary Plaintiffs in this case. The Plaintiffs contend that said Defendants are not actually necessary parties to this suit and alternatively request permission to dismiss the suit against said Defendants if their presence is to defeat jurisdiction here. The United States District Court is surely a court of limited jurisdiction and all doubts should be resolved against the court having jurisdiction in a particular case, but that doubt must be real and not synthetic.

◼◼ In this case these controversial parties admittedly owned 58.8867% of the title which the Plaintiffs contend should be removed as a cloud on the title to these lands in which they own the smaller undivided interest stated. It cannot be gainsaid that Rudman and Williams would be materially affected by a decree which cancelled as a cloud their interest acquired by mesne conveyance through this controversial source stemming from Parker Lewis. In Minnesota v. Northern Securities Co., 184 U.S. 199,

236, 22 S.Ct. 308, 322, 46 L.Ed. 499, it is said:

"Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience" are considered indispensable parties to such a suit in equity.

Obviously, these controversial parties are indispensable parties to this suit. The Plaintiffs are entitled to choose their forum for this suit. A cancellation of only a part of such cloud on the title to these lands would be ineffectual if, indeed, a court of equity were interested in doing justice piecemeal or by halves. The rule for transposing the parties to a suit to show them in proper perspective is not to be distorted into a device to defeat the administration of justice. No case cited in support of the motion to dismiss this case substantiates the position of the movants under the circumstances here. Rudman and Williams are indeed more interested from the standpoint of the amount which they would receive in different postures of the case, but the inexorable fact remains that these defendants own a very substantial part of this controversial title which is sought to be cancelled as a cloud on Plaintiffs title to these lands.

 Under the circumstances present in this case it is not proper for this Court to realign these parties in such arbitrary array under F.R.Civ.P. Rule 19, with the deliberate result of defeating jurisdiction here under any pretext mentioned. In Texas Pac. Coal & Oil Co. v. Mayfield, 152 F.2d 956, 957, Judge Holmes on the Fifth Circuit in reversing a case from this District for a similar realignment of parties, said:

"Parties defendant will not be realigned if there remains in the case any issue as to which plaintiff needs some relief against such parties.

Till et al. v. Hartford Accident & Indemnity Co., 10 Cir., 124 F.2d 405."

The Defendants Rudman and Williams are indispensable parties to this suit. They should not be realigned. The motion to realign and dismiss should be overruled. A judgment to that effect may be presented for entry herein.