**In re KAISER STEEL CORPORATION, Debtor.**

**KAISER STEEL CORPORATION, Plaintiff,**

**v.**

**Joseph A. FRATES, et al., Defendants.**

**Bankruptcy No. 87 B 1553 E.**
**Adv. No. 87 E 135.**

United States Bankruptcy Court,
D. Colorado.

Nov. 24, 1987.

defendants State Federal Sav. & Loan and Sierra Gateway Development, Inc.

## ORDER ON MOTION TO EXPUNGE NOTICE OF *LIS PENDENS*

CHARLES E. MATHESON, Chief Judge.

This matter is before the Court on State Federal Savings and Loan Association and Sierra Gateway Development, Inc.'s ("State Federal") motion to expunge the notice of *lis pendens* filed by Kaiser Steel Corporation ("Kaiser" or "plaintiff") in San Bernadino County, California. Both State Federal and Kaiser submitted briefs in support of their positions concerning the motion.

State Federal has asserted that Kaiser is ineligible to file its *lis pendens* notice pursuant to California law and, alternatively, that Kaiser bears an evidentiary burden similar to that applicable to a motion for a preliminary injunction in opposing the motion to expunge. Conversely, Kaiser maintains that it is eligible to file its *lis pendens* notice pursuant to California law and that its burden in opposing the motion to expunge is substantively different than that required in a preliminary injunction proceeding.

It should be noted that the matter before the Court, involving the convergence of the questions concerning (a) subject matter jurisdiction over a *res* situated in another state within the context of a recovery action brought in Federal bankruptcy court and (b) the extent to which *lis pendens* principles allow one to affect title to property where the underlying action is brought in a different state from that of the *res*, is one of first impression. The interplay between the effect of *lis pendens* filings and the ability to marshall and otherwise preserve the assets of an estate is given a heightened focus in the present context. The Court will first address Kaiser's eligibility to file the *lis pendens* notice and then endeavor to ascertain the burden of proof which a party must bear under California law in opposing a motion to expunge.

Edward M. Glennon, John T. Connelly, Lawrence R. Waldock, James P. McCarthy, Lindquist & Vennum, Minneapolis, Minn., H. Thomas Coghill, David J. Richman, Coghill & Goodspeed, Denver, Colo., for plaintiff, debtor-in-possession Kaiser Steel Corp.

Leon C. Marcus, Robin S. Weinstein, Booth, Marcus & Pierce, New York City, Michael E. Katch, Katch, Anderson & Wasserman, Denver, Colo., for plaintiff, The Official Unsecured Creditors' Committee of Kaiser Steel Corp.

Thomas P. Johnson, Timothy D. Knaus, Mayer, Brown & Platt, Denver, Colo., for

This matter is inextricably linked to the Kaiser claims being asserted for the recovery of fraudulent conveyances. The Court therefore finds that this is a "core" matter pursuant to 28 U.S.C. § 157(b)(2)(H) and a final order shall enter accordingly.

## MEMORANDUM

*Eligibility to File a Notice of Lis Pendens With Extraterratorial Effect Pursuant to Cal.Civ.Pro.Code § 409 and 28 U.S.C. § 1964*

State Federal contends that a notice of *lis pendens* can be filed in California and thereby affect title to California real property only by litigants with a suit pending in that state. Such a contention is at odds with the language of the relevant California statute and the federal statute regarding the filing of *lis pendens* notices involving cases pending in federal courts. *See* Cal.Civ.Pro.Code § 409; 28 U.S.C. § 1964. Within the context of federal bankruptcy proceedings, State Federal's position is untenable and would deprive bankruptcy litigants of the ability to determine rights to property of the estate wherever located and avail themselves of the privilege of filing notices of *lis pendens*, something reserved for all federal litigants by California's *lis pendens* recording statute, where subject matter jurisdiction over the *res* exists. *See* Cal.Civ.Pro.Code § 409(a).

■ It is well established that the propriety of filing a *lis pendens* notice involving a federal lawsuit is a matter governed by state law. *Hamilton v. Smith*, 808 F.2d 36 (10th Cir.1986). Since the real property at issue is located in California, this Court must look to that state's substantive law. The California *lis pendens* statute provides in relevant part:

> This section authorizes a notice of an action concerning real property pending in *any* United States district court to be recorded and indexed in the same manner and in the same place as herein provided with respect to notices of action pending in courts of this state.
>
> Cal.Civ.Pro.Code § 409(a) (emphasis supplied).

The interpretation of a statute should be according to the plain meaning of the language therein. There is no limitation concerning which federal litigants may file *lis pendens* notices pursuant to the California statute.

■ In *Allied Eastern Financial v. Goheen Enterprises*, 265 Cal.App.2d 131, 71 Cal.Rptr. 126 (Cal.App.1968), the California Court of Appeals commented upon an amendment to the California *lis pendens* statute providing for the recordation of notice of pending federal actions. As the *Allied* court stated:

> In 1959, the California legislature amended the lis pendens statute. The amendment was expressly intended to make the statute available to *litigants in federal court actions* (Senate Judiciary Committee Report, for Interim 1957–1959, upon S.B. 27) (emphasis supplied). *Allied*, 71 Cal.Rptr. at 127.

California courts have had the opportunity to limit the eligibility for filing *lis pendens* notices by out-of-state federal litigants since the passage of the 1959 amendment. There is no case of record demonstrating any such limitation. The language of Cal.Civ.Pro.Code § 409 leads one to the conclusion that when the California legislature authorized the filing of a *lis pendens* notice "of an action … pending in *any* United States district court" (emphasis supplied), it meant exactly that—*any*, within or without the confines of California where the court hearing the underlying action has subject matter jurisdiction over the property at issue.

In its argument, State Federal cites *Ludvik v. James S. Jackson Co., Inc.*, 635 P.2d 1135 (Wyo.1985) in support of its contention that the California statute is limited to federal litigants within California. In *Ludvik*, the Supreme Court of Wyoming considered whether the Wyoming *lis pendens* statute permitted the filing of such a notice where the underlying action was pending outside the state. The issue arose within the context of an action to quiet title between two alternative assignees of an interest in Wyoming real estate. The underlying action giving rise to the *lis pendens*

notice at issue within *Ludvik* had been brought in the United States District Court for the Northern District of Indiana, sitting in diversity. The *Ludvik* court held that since the Indiana federal district court was exercising its diversity jurisdiction, it was acting merely as another court of the state of Indiana. *Ludvik*, 638 P.2d at 1141–42.

The Indiana suit underlying the *lis pendens* notice at issue in *Ludvik* was brought by the Jackson Company to obtain a judgment for monies due it and to obtain an assignment of an interest in Wyoming real estate, an assignment previously agreed to as a guarantee of a debt. The *Ludvik* court held that no special efficacy would be ascribed to the *lis pendens* notice connected thereto since the Indiana court had no jurisdiction over the Wyoming real property other than through its power to order the parties before it to effect a transfer or an assignment of an interest in the *res* as a result of the Indiana court's judgment. The Indiana court's jurisdiction was therefore *in personam* rather than *in rem*, its judgment not directly affecting the real property. *See, Ludvik*, 635 P.2d at 1140–42.

Although this court questions the narrow holding of the *Ludvik* court respecting the ability of out-of-state litigants to file notices of *lis pendens* regardless of whether the out-of-state tribunal has subject matter jurisdiction over the *res* at issue, this Court does agree that the issue of whether the extraterritorial tribunal has jurisdiction over the *res* must be addressed before any ruling to expunge a notice of *lis pendens*. Where it is determined that a court does indeed have jurisdiction over the *res*, there should be no bar to filing a *lis pendens* notice in another state if the relevant state law permits such a filing. While it is acknowledged that subject matter jurisdiction over real property is generally limited to courts within the same state as that of the *res*, the jurisdictional grant of federal bankruptcy courts provides an exception to that rule. Given that, the subject matter jurisdiction analysis contained within *Ludvik* is inapplicable herein.

Pursuant to 11 U.S.C. §§ 105 and 541, 28 U.S.C. §§ 157(b) and 1334(d) and an order of reference under 28 U.S.C. § 157(a), federal bankruptcy courts are granted subject matter jurisdiction over all property of a debtor's estate. *See, Delgado Oil Co., Inc. v. Torres*, 785 F.2d 857, 860 (10th Cir.1986). Property of the estate may be recovered as the result of actions for turnover or the avoidance of transfers or liens pursuant to 11 U.S.C. §§ 522, 542, 543, 544, 545, 547, 548, and 549. In the case at bar, Kaiser has brought an action pursuant to Section 548 to avoid an alleged fraudulent conveyance. If that action is successful, Kaiser's estate could recover the California real property at issue. Since this Court has been granted specific subject matter jurisdiction over such real property pursuant to of 11 U.S.C. §§ 541 and 548 and 28 U.S.C. §§ 157(b)(2)(H) and 1334(d), the concern over the lack of subject matter jurisdiction by the relevant courts noted in *Ludvik, supra*, and *Fall v. Eastin*, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909), is obviated.

The United States Supreme Court acknowledged as early as 1910 that a court of one state could have subject matter jurisdiction over property in another state with respect to a *lis pendens* filing. In *Rickey Land & Cattle Co. vs. Miller & Lux*, 218 U.S. 258, 31 S.Ct. 11, 54 L.Ed. 1032 (1910), Justice Holmes held that the common law doctrine of *lis pendens* applied and validated the efficacy of such a notice, even though the underlying action was being brought in Nevada and the property sought to be affected was located in California. As a result, the California property and related water rights were found to be subject to the notice of *lis pendens* springing from the Nevada suit. Justice Holmes acknowledged the general precept that in order to affect property rights outside the state, "at least the *res* must be within the territorial jurisdiction of the court in which the suit is brought." *Rickey Land & Cattle*, 31 S.Ct. at 13, citing *Fall v. Eastin*, 215 U.S. 1, 30 S.Ct. 3, 54 L.Ed. 65 (1909). Justice Holmes went on to hold that the Nevada and California state courts had concurrent jurisdiction over the land and

water rights at issue since private rights were found to "cross the border line," and that the Nevada court properly had jurisdiction over the California property. *Rickey Land Co.*, 31 S.Ct. at 13.

*A fortiori* in the matter before this Court, subject matter jurisdiction of the *res* at issue herein is expressly granted to all district courts pursuant to 28 U.S.C. § 1334(d), which provides:

> The district court in which a case under title 11 is commenced or is pending shall have *exclusive jurisdiction of all of the property, wherever located, of the debtor* as of the commencement of such case, *and of property of the estate* (emphasis supplied).

Under Procedural Order 1984–3 of the District Court of Colorado, this Court is vested with the jurisdictional grant cited above. Therefore, there can be no question that federal district courts or bankruptcy courts operating under a similar order of reference have exclusive subject matter jurisdiction over the property of a bankruptcy debtor's estate, wherever located. *See, Isaacs v. Hobbs Tie & Timber Co.*, 282 U.S. 734, 737–38, 51 S.Ct. 270, 271, 75 L.Ed. 645 (1931) (the bankruptcy court has exclusive jurisdiction to deal with the property of the estate whether situated within or without the district in which the court sits and the court may order a sale of real estate lying outside the district).

Other courts have addressed the question of when property which is the subject of avoidance actions becomes "property of the estate" and, hence, subject to the jurisdiction of the court. Though the actual recovery of the *res* is in some sense contingent upon the successful resolution of the avoidance action, a holding that the *res* does not become property of the estate until the completion of such an action would undermine the fundamental bankruptcy policy of preserving the assets of the estate for the equitable distribution among creditors or, as in this case, providing for the successful reorganization of the debtor.

As the court held in *In re Mortgageamerica Corp. (American Nat. Bank of Aus-*

*tin v. Mortgageamerica Corp.)*, 714 F.2d 1266, 1274–75 (5th Cir.1983):

> The specific meaning of the reference in section 541(a)(1) to 'all legal or equitable interests of the debtor in property' is also easily discerned. Even on its face, section 541(a)(1) is all-encompassing, and Congress meant for it to be construed commensurately ... An action under the Fraudulent Transfers Act is essentially one for property that properly belongs to the debtor and which the debtor has fraudulently transferred in an effort to put it out of the reach of the creditors ... The transferee may have colorable title to the property, but the equitable interest at least as far as the creditors (but not the debtor) are concerned —is considered to remain in the debtor so that creditors may attach or execute judgment upon it as though the debtor had never transferred it. We think that when such a debtor is forced into bankruptcy, it makes the most sense to consider the debtor as continuing to have a 'legal or equitable interest ... in the property' fraudulently transferred within the meaning of section 541(a)(1) of the Bankruptcy Code. *See* 4A Collier on Bankruptcy, 70.14[1], at 130–131 (14th ed. 1978).

*See also, United States v. Whiting Pools*, 462 U.S. 198, 103 S.Ct. 2309, 2313–14, nn. 9–10, 76 L.Ed.2d 515 (1983); *Delgado Oil Co., Inc. v. Torres*, 785 F.2d at 861–62; *but see, In re Hutchens*, 69 B.R. 402 (E.D. Tenn.1987).

This Court finds the position taken by the Fifth Circuit well-reasoned and in furtherance of the purposes meant to be served by the broad scope which Congress intended by the words: "all legal and equitable interests of the debtor in property." *See* H.R.Rep. No. 595, 95th Cong., 1st Sess. 367 (1977), *reprinted* in 1978 U.S.Code Cong. Ad.News 5963, 6323; S.Rep. No. 989, 95th Cong., 2d Sess. 82 (1978), *reprinted* in 1978 U.S.Code Cong. & Ad.News 5787, 5868. These congressional reports which comment upon what constitutes property of the estate specifically approved the result reached in *Segal v. Rochelle*, 382 U.S. 375,

86 S.Ct. 511, 15 L.Ed.2d 428 (1966) (holding that debtor's interest in the tax refunds that might be generated through tax carry-backs constitutes property of the debtor even though interest is contingent), *as cited in In re Brown,* 734 F.2d 119, 123 (2nd Cir.1984).

In view of the foregoing and the plain language of California's statute, this Court holds that Kaiser properly availed itself of the authority conferred upon it by 28 U.S.C. § 1964 and Cal.Civ.Pro.Code § 409(a) to record its notice of *lis pendens* in California.

*Burden of Proof in Opposing a Motion for Expungement of the Notice of Lis Pendens*

The notice of *lis pendens* at issue herein was properly filed pursuant to 28 U.S.C. § 1964 and Cal.Civ.Pro.Code § 409. The real property subject to that filing is located entirely within California. It goes without question that the standard to be applied by this Court in determining whether the notice of *lis pendens* should be expunged shall be that standard established pursuant to California law since the *res* is located in California and the authority to file such a notice of *lis pendens* is wholly a creature of California statutory law. *See, Hamilton v. Smith, supra.*

■ California's expungement statute, Cal.Civ.Pro.Code § 409.1, provides in relevant part:

At any time after notice of pendency of an action has been recorded pursuant to Section 409 or other law, the court in which the action is pending shall, upon motion of a party to the action supported by affidavit, order that the notice be expunged unless the party filing the notice shows to the satisfaction of the court, by a preponderance of the evidence, that:

(a) The action does affect the title to or a right of possession of the real property described in the notice; and

(b) Insofar as the action affects title to or right of possession of the real property described in the notice, the party recording the notice has commenced or prosecuted the action for a proper purpose and in good faith.

In commenting upon the showing that a party opposing a motion for expungement must make, California courts have consistently held that the standard is not that required in bringing a motion for a preliminary injunction. As the California Supreme Court (en banc) in *Malcolm v. Superior Court of Santa Clara County,* 29 Cal.3d 518, 526–27, 174 Cal.Rptr. 694, 698–99, 629 P.2d 495 (1981) held in discussing the burden of proof under Cal.Civ.Pro.Code § 409.1:

There is nothing in the language of the statute to suggest that the Legislature intended to require a plaintiff to demonstrate the likelihood of its success at trial in order to avoid the expungement of a lis pendens; likewise, there is nothing in the language of the statute to indicate that the Legislature intended to transform the pretrial expungement procedure into any type of minitrial on the merits of the case.

State Federal's contention that the burden of proof which Kaiser must bear should be that required in a preliminary injunction is therefore rejected. California law is clearly to the contrary.

■ Section 409.1 establishes two prongs which must be satisfied for a party to successfully withstand a motion for expungement of a *lis pendens.* Both prongs must be established by a preponderance of the evidence as provided for by the statute. In discussing the first prong (whether the action affects title to or the right of possession of the property described in the notice), the United States Bankruptcy Appellate Panel of the Ninth Circuit in *Pacific Horizons, Inc. v. Erickson (In re Pacific Horizons, Inc.),* 37 B.R. 653, 654–55 (B.A. P. 9th Cir.1984) held:

Our inquiry is whether plaintiff's action affects title or right to possession of the hotel property ... A fraudulent conveyance action supports a lis pendens under California law because it affects title to real property ... The trial court's order denying defendant's motion to expunge the lis pendens insofar as it gave notice

of the fraudulent transfer cause of action therefore must be affirmed.

*Citing, Ahmanson Bank and Trust v. Tepper,* 269 Cal.App.2d 333, 74 Cal.Rptr. 774 (1969).

It cannot be controverted that Kaiser's *lis pendens* filing gives notice of its fraudulent conveyance cause of action being brought against the various defendants. The Court finds without hesitation that Kaiser meets the first prong of Section 409.1.

In addressing the second prong (whether the party recording the notice has commenced or prosecuted the action for a "proper purpose" and "in good faith"), the California Supreme Court in *Malcolm* stated:

> As the review of the history of the statute set out above demonstrates, from the inception of section 409.1 in 1968 the statute has provided that the issue of expungement should generally turn on whether or not the plaintiff's action was commenced for a proper purpose and in good faith, rather than upon the probable merit of plaintiff's claim.

*Malcolm,* 174 Cal.Rptr. at 699, 629 P.2d at 500.

The *Malcolm* court went on to discuss the definitions of the controlling issues: "proper purpose" and "good faith". As the *Malcolm* court stated in its analysis:

> [T]he terms 'a proper purpose' and 'not in good faith' are overlapping concepts and that the existence of one may tend to establish the other ... (1) that the term 'improper purpose' generally refers to situations in which proceedings are commenced (a) 'primarily because of hostility or ill will,' (b) 'solely for the purpose of depriving the person against whom they initiated of a beneficial use of his property' or (c) 'for the purpose of forcing a settlement which has no relation to the merits of the claim,' and (d) that the term 'not in good faith' generally means that the person initiating the underlying action 'does not believe that his claim may be held valid.'

*Malcolm,* 174 Cal.Rptr. at 699, 629 P.2d at 500, *citing United Professional Planning, Inc. v. Superior Court,* 9 Cal. App.3d 377, 387–88, 88 Cal.Rptr. 551 (1970).

The *Malcolm* court concluded that the post–1976 amendment version of Section 409.1, the same version governing the action herein, must be interpreted in light of the definitional interpretations cited above. As the *Malcolm* court held:

> Thus, the legislative history makes it clear that under section 409.1 the propriety of expungement does not depend upon the likely outcome of plaintiff's lawsuit, but rather upon the plaintiff's state of mind or motive in filing or prosecuting the action.

*Malcolm,* 174 Cal.Rptr. at 699, 629 P.2d at 500; *see, e.g. California–Hawaii Development, Inc. v. Superior Court,* 102 Cal.App.3d 293, 298, 162 Cal.Rptr. 365 (1980).

From a review of the Complaint and the First Amended Complaint herein, this Court is persuaded that Kaiser has filed this action for a proper purpose and in good faith. The nature of the fraudulent conveyance claims and the supporting factual allegations are objectively well founded.

Kaiser's claims cannot be assailed as being interposed merely for the purpose of delay, harassment or needless increase in the cost of litigation. One only has to look to the ruling by the Third Circuit Court of Appeals in *United States v. Tabor Realty Corp.,* 803 F.2d 1288 (3rd Cir.1986) to assess whether Kaiser's claims have any colorable support. The affidavits filed in conjunction with the First Amended Complaint and the objection herein stand in support of good faith in fact. This Court finds, therefore, that the fraudulent conveyance claims asserted by Kaiser herein were not brought "primarily because of hostility or ill will" but were filed for a proper purpose and in good faith. *See, Malcolm,* 174 Cal.Rptr. at 699, 629 P.2d at 500. The second prong of Cal.Civ.Pro.Code § 409.1 is satisfied accordingly.

In view of the foregoing findings and conclusions of law, the Court therefore holds that Kaiser has met its burden in

showing by a preponderance of the evidence that its notice of *lis pendens* was properly filed and should not be expunged. State Federal's motion to expunge is therefore denied.