[S.F. No. 24162. June 18, 1981.]

SIMONE MALCOLM, as Executrix, etc., et al., Petitioners, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY,
Respondent;
JAN GREEN, Real Party in Interest.

## COUNSEL

Boone, Fox & Jones, David A. Boone, Thompson & Thompson and Kathleen T. Thompson for Petitioners.

No appearance for Respondent.

Elton F. Martin for Real Party in Interest.

## OPINION

**TOBRINER, J.**—In this writ proceeding, petitioners, defendants in the underlying action (hereafter defendants), seek review of a trial court order denying their pretrial motion to expunge a notice of lis pendens pursuant to Code of Civil Procedure section 409.1.[1] Defendants contend that the trial court applied the wrong legal standard in passing upon their motion to expunge, and assert that on the basis of the affidavits and the other evidence presented, the court abused its discretion in denying their motion.

For the reasons discussed below, we have concluded that the order of the trial court should be sustained. Although defendants correctly observe that under section 409.1 it is the party attempting to sustain a lis pendens, rather than the party seeking expungement, who bears the burden of proving the propriety of the lis pendens under the applicable statutory standard, as we shall see the trial court could properly find that real party in interest (hereafter plaintiff) had met that burden in this case by presenting a verified declaration setting forth facts indicating, inter alia, that the underlying action was commenced for a "proper purpose" and "in good faith," as required by section 409.1.

---

[1]Unless otherwise indicated, all statutory references are to the Code of Civil Procedure.

Defendants further maintain, however, that the alleged weakness of plaintiff's claim and the ostensible likelihood that defendants, rather than plaintiff, would prevail after trial should have led the trial court to expunge the lis pendens. As we shall explain, defendants' contention rests upon a misinterpretation of the explicit language of section 409.1 and misconceives the nature of the judicial inquiry contemplated by the statute. ▓▓▓ As we point out, both the plain language and legislative history of section 409.1 indicate that the Legislature did not intend to transform the pretrial lis pendens expungement procedure into a "mini-trial" on the merits of the case, but rather intended to require expungement only when the party who has filed the lis pendens fails to persuade the trial court that the action was commenced for a proper purpose and in good faith.

We recognize that in some cases the patent frivolousness of a claim may provide persuasive evidence that the action was not commenced for a proper purpose or in good faith. When, however, the party who has instituted the suit presents affidavits or declarations which establish a prima facie case in support of the action, we conclude that section 409.1 does not contemplate that a trial court will order expungement solely upon its view of the likely outcome of the lawsuit. ▓▓▓ Because the declarations in this case constitute substantial evidence to support the trial court's implied finding that the action was commenced for a proper purpose and in good faith, we conclude that the challenged order should be upheld.

### 1. *The facts and proceedings below.*

On August 16, 1979, plaintiff Jan Green filed the underlying action against defendants, executrix and beneficiaries of the estate of Mrs. Jeanne H. Mazeris, seeking specific performance of an alleged oral agreement between plaintiff and Mrs. Mazeris. The complaint alleged that Mrs. Mazeris had agreed to sell certain property to the plaintiff for $20,000 in return for the plaintiff's continued payment of rent on the property and plaintiff's performance of all the renovation, repairs and maintenance of the property at plaintiff's own expense; the complaint further alleged that in reliance upon this agreement plaintiff expended in excess of $17,000 on the property. Finally, the complaint stated that after Mrs. Mazeris' death, the executrix of her estate refused to fulfill the terms of the agreement.

Two weeks after filing the complaint, plaintiff recorded a lis pendens on the real property which is the subject of the underlying action.[2] In December 1979, defendants, seeking to sell the property to others, moved to expunge the notice of lis pendens that had been filed by plaintiff. In support of the motion to expunge, defendants filed numerous verified declarations, stating facts which defendants claimed demonstrated the invalidity of plaintiff's claim. In response, plaintiff filed a verified declaration setting forth the substance of her oral agreement with the decedent and other facts within her personal knowledge which supported the allegations of her complaint. After receiving the opposing declarations and hearing oral argument, the trial court, while acknowledging that "[t]he plaintiff's case may sound pretty thin," denied the motion to expunge.

Thereafter, defendants filed the instant mandate proceeding, as authorized by section 409.4, seeking review of the order denying the motion to expunge.

 In their petition, defendants contend that the trial court acted improperly in denying the motion without delving more deeply into the merits of the underlying action. They assert that in light of the alleged weakness of plaintiff's claim, the trial court erred in refusing to expunge the lis pendens in this case. Plaintiff, on the other hand, contends that the trial court acted properly in refusing to base its ruling on an attempted resolution of the merits of the underlying controversy. She asserts that under section 409.1, the crucial inquiry is simply whether plaintiff's action was commenced for a proper purpose and in good faith, and that in this case there is substantial evidence to support the trial court's implied finding that plaintiff had met this burden. As we shall explain, we conclude that plaintiff's interpretation of the statute is correct.

---

[2] A lis pendens is a recorded document giving notice that an action has been commenced which affects title to the land in question. (§ 409.) Absent the filing of a lis pendens, "[a]nyone with actual notice of the pendency of the [action] who acquires an interest in the property takes subject to any judgment that may be rendered therein.... The sole purpose of recording a notice of *lis pendens* is to secure the same result by giving constructive notice of the pendency of the proceeding." (*Albertson v. Raboff* (1956) 46 Cal.2d 375, 379 [295 P.2d 405].)

As a practical matter, the filing of a lis pendens usually clouds the title to the property and prevents its transfer until the litigation is resolved or the lis pendens is expunged. (See generally Note, *Abuses of the California Lis Pendens: An Appeal for Legislative Remedy* (1966) 39 So.Cal.L.Rev. 108.)

2. *In passing upon the motion to expunge under section 409.1, the trial court properly considered whether plaintiff had commenced the action for a proper purpose and in good faith rather than whether plaintiff was likely to prevail on the merits of the action.*

Section 409.1, the principal statute at issue in this case, currently provides in pertinent part: "At any time after notice of pendency of an action has been recorded pursuant to section 409 or other law, the court in which the action is pending shall, upon motion of a party to the action supported by affidavit, order that the notice be expunged, unless the party filing the notice shows to the satisfaction of the court, by a preponderance of the evidence, that:

"(a) The action does affect title to or right of possession of the real property described in the notice; and

"(b) Insofar as the action affects title to or right of possession of the real property described in the notice, the party recording the notice has commenced or prosecuted the action for a proper purpose and in good faith. Notice of motion to expunge shall be served not less than 20 days prior to the hearing. The court shall determine the matter on the affidavits and counteraffidavits on file and upon such other proof as the court may permit."

The background and legislative history of the provision provide useful insight into the proper interpretation of the statute. The Legislature enacted section 409.1 in 1968 in an attempt to alleviate problems which had arisen from the misuse of notices of lis pendens. (Review of Selected 1968 Code Legislation (Cont.Ed.Bar) pp. 60-61.) Prior to 1968, as now, section 409 permitted any plaintiff who had filed a lawsuit claiming an interest in real property to record a notice of lis pendens without prior court approval or supervision. Because the recording of a lis pendens placed a cloud upon the title of real property until the pending action was ultimately resolved, a time period frequently encompassing several years, the lis pendens procedure was susceptible to serious abuse, providing unscrupulous plaintiffs with a powerful lever to force the settlement of groundless or malicious suits. (*Ibid.*; Note, *Abuse of the California Lis Pendens, supra*, 39 So.Cal.L.Rev. 108.)

Before the enactment of the expungement legislation in 1968 there was no meaningful prejudgment procedure either to identify those in-

stances in which the lis pendens remedy was being abused or to alleviate the potential harm caused by such abuse. The Legislature adopted section 409.1 et seq. to afford such a remedy.

As originally enacted in 1968, section 409.1 provided for the prejudgment expungement of a lis pendens *if the party seeking expungement* could demonstrate "by clear and convincing proof" that, inter alia, the person recording the lis pendens had commenced the action "for an improper purpose and not in good faith." (Stats. 1968, ch. 815, § 1, p. 1572.) Although this initial version of the statute provided some relief from the problems that had engendered the provision's enactment, after several years the provision began to draw serious criticism as commentators noted that the statute placed on the party seeking expungement a burden of proof which was so difficult to carry that a motion to expunge could succeed in only the most flagrant cases of abuse. (See Comment, *Does California's Statutory Lis Pendens Violate Procedural Due Process?* (1975) 6 Pacific L.J. 62, 70.)

In response to such criticism, the Legislature in 1976 amended section 409.1 in two significant respects. (Stats. 1976, ch. 27, § 1, pp. 42-43.) First, the Legislature transferred the burden of proof or persuasion from the party seeking to expunge the lis pendens to the party opposing the motion to expunge; thus, whereas the 1968 statute placed the burden on the party seeking expungement to demonstrate that the underlying action had been brought for an improper purpose and not in good faith, the present provision requires the party who has filed the lis pendens to show to the satisfaction of the court that he has commenced or prosecuted the action for a proper purpose and in good faith. Second, the Legislature altered the quantum of proof necessary to justify the expungement of the lis pendens; whereas the 1968 statute had authorized expungement only when the court was satisfied by "clear and convincing proof" that the action had been brought, inter alia, for an improper purpose or not in good faith, the 1976 amendment lowered the threshold of proof that is needed to support a ruling in favor of expungement, providing for expungement whenever the trial court is not convinced by a "preponderance of the evidence" that the action has been commenced for a proper purpose and in good faith.

As this review of the legislative history suggests, and, indeed, as the explicit language of the current version of section 409.1 makes plain, defendants are entirely correct in asserting that under the current statutory provision it is the party who opposes the expungement of a notice

of lis pendens, rather than the party seeking expungement, who bears the burden of proof at the expungement hearing. Contrary to defendants' contention, however, the record before us does not demonstrate that the trial court acted inconsistently with the plain language of the statute in this respect. The record reveals that plaintiff presented a verified declaration setting forth facts from which the trial court could properly have found that plaintiff had met the burden established by section 409.1. In the absence of an affirmative showing that the trial court in fact applied an incorrect rule of law, we must presume that the court properly allocated the burden of proof. (See, e.g., *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564 [86 Cal.Rptr. 65, 468 P.2d 193]; 6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 235, pp. 4225-4226.)

Defendants additionally maintain, however, that even if the record does not reveal that the trial court placed the burden of proof on the wrong party, the record does demonstrate that the trial court failed to adequately consider the alleged weakness of plaintiff's cause of action in refusing to expunge the lis pendens. Defendant apparently takes the position that in passing upon a motion to expunge under section 409.1, a trial court is generally obligated to consider the relative merits of the opposing parties' cases as revealed by the conflicting affidavits, and that the court should grant the expungement motion when the court is of the opinion from such affidavits or declarations that the party who has recorded the lis pendens is unlikely to prevail on the merits.

In our view, defendants' contention flies in the face of the plain language of section 409.1. As we have seen, although the present version of section 409.1 places the burden of proof upon the party opposing expungement, the statute specifies that the critical issues to which the plaintiff's burden of proof attaches are simply (1) whether "the action . . . affect[s] title to or the right of possession of the real property described in the notice," and (2) whether "the party recording the notice has commenced or prosecuted the action for a proper purpose and in good faith."[3] There is nothing in the language of the statute to suggest that the Legislature intended to require a plaintiff to demonstrate the likelihood of its success at trial in order to avoid the expungement of a lis pendens; likewise, there is nothing in the language of the statute to indicate that the Legislature intended to transform the pretrial ex-

---

[3]In this case, the underlying action involves an alleged contract to sell the property in question and thus clearly potentially affects the title to or the right of possession of the property described in the notice of lis pendens.

pungement procedure into any type of minitrial on the merits of the case. By contrast, in other, somewhat analogous contexts, the Legislature has had no difficulty in explicitly directing a trial court to engage in a pretrial consideration of the merits of an action when it deems such a determination appropriate. (Cf., e.g., § 484.050, subd. (b); Corp. Code, § 800, subd. (c)(1).)[4]

The legislative history of the statute likewise provides no support for defendant's position. As the review of the history of the statute set out above demonstrates, from the inception of section 409.1 in 1968 the statute has provided that the issue of expungement should generally turn on whether or not the plaintiff's action was commenced for a proper purpose and in good faith, rather than upon the probable merit of plaintiff's claim. In its pre-1976 form, the statute placed the burden of proof on this issue on the party seeking expungement, and phrased the crucial question as whether that party had demonstrated that the action was commenced for an "improper purpose" and "not in good faith."

In interpreting this statutory language in *United Professional Planning, Inc.* v. *Superior Court* (1970) 9 Cal.App.3d 377, 387-389 [88 Cal.Rptr. 551], the Court of Appeal noted initially that the terms "a proper purpose" and "not in good faith" are overlapping concepts and that the existence of one may tend to establish the other. Drawing upon this court's interpretation of similar language in *Albertson* v. *Raboff, supra*, 46 Cal.2d 375, 383, the *United Professional* court held (1) that the term "improper purpose" generally refers to situations in which proceedings are commenced (a) "primarily because of hostility or ill will," (b) "solely for the purpose of depriving the person against whom they are initiated of a beneficial use of his property" or (c) "for the purpose of forcing a settlement which has no relation to the merits of the claim," and (2) that the term "not in good faith" generally means that the person initiating the underlying action "does not believe that his claim may be held valid." (9 Cal.App.3d at p. 388.)

---

[4]Section 484.050, subdivision (b) provides: "The order [for a writ of attachment] will be issued if the court finds that the plaintiff's claim *is probably valid* and the other requirements for issuing the order are established. . . ." (Italics added.)

Corporations Code section 800, subdivision (c)(1) provides that in a shareholder derivative action, a plaintiff may be required to post adequate security if the trial court finds after a pretrial motion that "there is *no reasonable possibility that the prosecution of the cause of action* alleged in the complaint against the moving party will benefit the corporation or its shareholders."

The Legislature presumably was aware of this judicial interpretation of the terms "improper purpose" and "not in good faith" when it amended section 409.1 in 1976 and retained parallel language in the revised statute. (*Estate of McDill* (1975) 14 Cal.3d 831, 837-838 [122 Cal.Rptr. 754, 537 P.2d 874]; *Enyeart* v. *Board of Supervisors* (1967) 66 Cal.2d 728, 735 [58 Cal.Rptr. 733, 427 P.2d 509].) Accordingly, under well-settled principles of statutory construction, we must construe the present provision of section 409.1 in conformity with the established judicial interpretation. (*Ibid.*) Thus, this legislative history makes it clear that under section 409.1 the propriety of expungement does not depend upon the likely outcome of plaintiff's lawsuit, but rather upon the plaintiff's state of mind or motive in filing or prosecuting the action. (See, e.g., *California-Hawaii Development, Inc.* v. *Superior Court* (1980) 102 Cal.App.3d 293, 298 [162 Cal.Rptr. 365].)[5]

■ This is not to suggest, however, that evidence relating to the apparent merit or lack of merit of the plaintiff's action may never be considered by a trial court in determining the "good faith" or "proper ' purpose" issues. Because the question of a person's motive in filing a lawsuit relates primarily to his subjective state of mind, the issues of proper purpose and good faith must often be determined by inference from a variety of circumstantial evidence and we recognize that in some instances the patent lack of merit of a lawsuit may strongly suggest that the plaintiff has not filed the action for a proper purpose or in good faith.

As a consequence, we conclude that if a plaintiff in response to a motion to expunge fails to present by affidavit or other means even a "prima facie" case on the merits of his claim,[6] a trial court could appropriately conclude that the plaintiff has failed to meet his burden to demonstrate that the action is being prosecuted with the requisite good faith. Moreover, even when such a prima facie case is presented, if the party seeking expungement introduces evidence of the plaintiff's bad

[5]To the extent that it is inconsistent with this conclusion, the case of *Nash* v. *Superior Court* (1978) 86 Cal.App.3d 690 [150 Cal.Rptr. 394] is disapproved.

[6]In this context, a "prima facie" case is an evidentiary showing, by affidavit or such other evidence as the court may permit, that plaintiff would be entitled to relief if his evidence is credited. In providing that the "court shall determine the matter on the affidavits and counter-affidavits on file and such other proof as the court may permit," section 409.1 makes it clear that the court may decide the matter solely on the basis of affidavits and declarations and that it need not take testimony unless it chooses in its discretion to do so.

faith or improper purpose independent of the alleged weakness of the plaintiff's case, a trial court may properly consider the evidence relating to the merits of the action in determining whether or not to credit the independent evidence of bad faith.

On the other hand, however, when—as in the instant case—a plaintiff has filed a verified complaint and a verified declaration stating that the action has been brought for a proper purpose and in good faith and setting forth a prima facie case in support of the action, we do not believe that a defendant may rebut the plaintiff's showing simply by presenting counteraffidavits which controvert the plaintiff's evidence and raise triable issues of fact on the merits of the case. As we have discussed above, the provisions of section 409.1 clearly indicate that the Legislature did not intend to transform the expungement procedure into a minitrial on the merits of the lawsuit and such a transformation would inevitably result if the "good faith" or "proper purpose" issues were to be resolved solely by the trial court's pretrial assessment of the relative weakness or strength of a plaintiff's prima facie case. If there is no independent evidence of bad faith or improper purpose, we conclude that section 409.1 does not contemplate the expungement of the lis pendens in such a situation.[7]

Contrary to defendants' apprehension, this interpretation of section 409.1—mandated in our view by the plain language and legislative history of the statute—does not leave a defendant whose property has been rendered unmarketable by the filing of a lis pendens totally without remedy whenever a plaintiff's declarations raise factual conflicts that cannot ultimately be resolved until trial. In its 1976 amendment of section 409.1, the Legislature—in addition to the revisions discussed above—added a separate passage explicitly affording the trial court discretion to require whichever party prevails on the expungement motion to provide an undertaking so as to protect the opposing party from potential loss. The relevant portion of section 409.1 provides in this regard: "The court, as a condition of granting or denying the motion to

---

[7]Because the present case involves a pretrial motion to expunge a lis pendens, we have no occasion at this time to determine whether the application of the statutory "good faith" and "proper purpose" standards may vary when a motion to expunge is made after trial while a case is pending on appeal. (Compare *United Professional Planning, Inc. v. Superior Court, supra,* 9 Cal.App.3d 377, 394 with *California-Hawaii Development, Inc. v. Superior Court, supra,* 102 Cal.App.3d 293, 299-300.) The issues posed by a posttrial motion to expunge a lis pendens are presently pending before our court in the case of *Peery v. Superior Court* (S.F. 24266, hg. granted Mar. 27, 1980), in which oral argument is scheduled for a future calendar.

expunge, may require that the party prevailing upon such motion give the other party an undertaking of such nature, and in such amount as shall be fixed by the court, such undertaking to be to the effect that such prevailing party will indemnify the other party for all damages which he may incur if he ultimately prevails in the action." Thus, however the trial court resolves the "good faith" and "proper purpose" issues, this additional provision affords the court considerable latitude in protecting the respective parties' interests during the pendency of the action.[8]

In sum, we conclude that defendants have failed to demonstrate that the trial court erred in refusing to expunge the lis pendens in this case. From the conflicting affidavits before it, the trial court could properly determine that plaintiff had met her burden of demonstrating that the action was commenced and prosecuted for a proper purpose and in good faith.

Accordingly, the petition for a peremptory writ of mandate is denied.

Bird, C. J., Mosk, J., Richardson, J., Newman, J., Regan, J.,* and Hopper, J.,* concurred.

---

[8]We also note that since 1968, section 409.2 has afforded the trial court authority to expunge a lis pendens upon the giving of an undertaking whenever "the court finds that adequate relief can be secured to the party recording the notice by the giving of such undertaking." Thus, when a plaintiff can be adequately protected, a defendant can free property from the cloud of a lis pendens by posting a sufficient undertaking.

*Assigned by the Chairperson of the Judicial Council.