[No. B034749. Second Dist., Div. Four. Nov. 10, 1988.]

WILLIAM G. ERB, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
ARIS ANAGNOS et al., Real Parties in Interest.

**[Opinion certified for partial publication.\*]**

---

\* Part II of this opinion is not certified for publication.

**COUNSEL**

Oster, Schubert & Rutten, Edwin A. Oster, Weiss & Pincus and Vincent Shubert for Petitioner.

No appearance for Respondent.

Mesirow, Fink & Lempert, Steven M. Fink, Neiman, Billet, Albala & Levine, Mark E. Field, Jerome S. Billet and Barbara Springer Perry for Real Parties in Interest.

**OPINION**

**WOODS (A. M.), P. J.**—In this original proceeding in mandate[1] the plaintiff in an action to compel specific performance of a contract for sale of commercial real property (the petitioner) seeks review of an order granting expungement of his notice of lis pendens upon condition that the moving party give an indemnification undertaking.

The expungement is challenged on the ground that section 409.1 does not authorize a trial court to grant expungement by requiring an undertaking of the moving party where the sole issue raised by the motion, whether the action is prosecuted "for a proper purpose and in good faith," has been determined in favor of the party opposing the motion.

We issued the alternative writ because respondent's order appeared to be a clear abuse of discretion and an act in excess of jurisdiction under section 409.1.

The material facts are simple and a matter of record.

Defendants' (the real parties in interest) expungement motion was brought exclusively under section 409.1, subdivision (b), which requires expungement if the party recording the lis pendens fails to establish by a preponderance of evidence that the action is prosecuted "for a proper purpose and in good faith." The motion requested that if plaintiff successfully opposed the motion he be required to post an undertaking to protect defendants, as authorized by section 409.1.

The motion was based on evidence of certain past questionable real property transactions involving plaintiff, the pendency of criminal and civil actions against him relating to prior real property transactions, and judgment and tax liens encumbering his real property interests. The motion claimed this showing proves, as a matter of law, that plaintiff did not have the financial ability to perform as purchaser under the disputed contract. It urged a finding that plaintiff prosecutes his action knowing it has no merit and for the improper purpose of forcing defendants into an unreasonable settlement.

Plaintiff's opposition included evidence indicating he and his associate, who had completed prior syndicated purchases of similar commercial properties, had the financial ability to purchase and suggesting that defendants

---

[1] The petition is filed pursuant to Code of Civil Procedure section 409.4 which specifically authorizes extraordinary writ review of expungement rulings. All further statutory references are to the Code of Civil Procedure unless otherwise specified.

backed out of the purchase contract and hindered plaintiff's obtainment of an institutional loan without lawful cause.

After lengthy argument on April 7, 1988, respondent formally pronounced its ruling. It found that plaintiff met his statutory burden of proving "proper purpose and good faith" prosecution with evidence demonstrating the prima facie merit of his claim and his ability to finance the purchase price. It expressly rejected defendants' contention that plaintiff's personal financial problems (including criminal charges of which he was ultimately acquitted) demonstrate that plaintiff did not have the financial backing to purchase the subject property. However, respondent went on to grant expungement under its view that *Malcolm* v. *Superior Court* (1981) 29 Cal.3d 518, 529-530 [174 Cal.Rptr. 694, 629 P.2d 495], construes the last paragraph of section 409.1 to permit expungement whenever a trial court requires the moving party to provide an indemnity undertaking.[2]

---

[2] Respondent made the following formal pronouncement of its ruling: "The motion to expunge the lis pendens is granted as follows: [¶] First of all in *Malcolm* vs. *Superior Court*, 29 C3d, 518, the court held that expungement [is] required only when the party who has filed the lis pendens fails to persuade the trial court that the action was commenced for a proper purpose and in good faith.

"It further held that CCP section 409.1 does not transform the pretrial lis pendens expungement procedure into a minitrial on the merits.

"The court [respondent referring to itself] on two previous occasions has denied motions to expunge the lis pendens.

"In fact, the declaration of William G. Erb dated 6-13-86 was submitted to the court as part of the opposition to defendant's second motion to expunge the lis pendens.

"By denial of the motion, this court found that plaintiff had met his burden of proof, i.e., that the action was commenced for a proper purpose and in good faith.

"This same declaration has again been submitted to the court in opposition to this third motion to expunge.

"By this motion to expunge defendant requests that the court determine that a plaintiff [who is subject to numerous criminal prosecutions and civil fraud actions arising from other real property transactions and who is subject to numerous tax-related notices of default, liens and judgments, and who is the general partner of a 'real estate partnership' in bankruptcy] cannot in good faith commence an action for specific performance involving real property worth at least $18,000,000.

"*This court refuses to make such a determination.* As the *Malcolm* case points out, *the expungement proceeding is not a minitrial.*

"This court has previously held there are triable issues of fact in this case.

"Defendant asks this court to jump to the conclusion that there is no honest method by which plaintiff could have obtained the purchase price for the transaction.

"*There is no support in the documents submitted by defendants to draw this conclusion.*

"*This is an issue which must be resolved by the trier of fact.*

"This is the part I am adding that is not in the tentative ruling:

"*However,* under *Malcolm,* the court can expunge the lis pendens by requiring a bond to protect the other side.

"This court, . . . orders that a bond of $5,000,000 be posted by the defendants in order for the lis pendens to be expunged." (Italics added.)

## I

Defendants' primary contention is that this court should ignore respondent's formal pronouncement of ruling. They contend, without any acknowledgement of respondent's formal pronouncement of ruling at pages 42 through 43 of the April 7 transcript, that the "record is . . . ambiguous" and that respondent's true ruling is "shown not only by quotations from the record, but also by the fact that Respondent refused to sign an order, submitted by Petitioner, which made such 'findings.' " Defendants conclude that, under their interpretation of the record, respondent properly required an indemnity undertaking of them as the "prevailing party." They concede that respondent would abuse its discretion by granting expungement if it had ruled in plaintiff's favor on the "proper purpose and good faith" issue.

Defendants' proffered interpretation is simply without reasonable basis. They wholly ignore the patent import of respondent's formal and detailed explanation of its ruling. Respondent's tentative ruling was to find for plaintiff on the "proper purpose and good faith" issue. Respondent states in its formal pronouncement of ruling that the only part of its final ruling "not in the tentative ruling" is the "added part" permitting expungement upon condition that defendants give an undertaking.

What defendants refer to as "quotations from the record" are merely their selected, out-of-context excerpts from respondent's discussions with counsel during oral argument. Defendants offer no specific analysis suggesting ambiguity in respondent's subsequent formal pronouncement of ruling.

The April 7 statement of ruling is unequivocal. Respondent noted that defendants' prior motion for summary judgment on this issue had been denied and that their prior expungement motion, which also claimed "improper purpose and bad faith," had also been denied based on the same affirmative evidentiary showing by plaintiff. Respondent concluded that, under the *Malcolm* standard, defendants' new evidence of criminal and civil actions and tax liens against plaintiff did not compel the conclusion that plaintiff was suing in bad faith or was without the ability to pay the purchase price under the disputed contract.

Only after ruling that plaintiff had prevailed on the "proper purpose and good faith" criterion did respondent purport to grant conditional expungement under the final paragraph of section 409.1.

We conclude that defendants' interpretation of the April 7 transcript is incorrect and lacking in candor.

Neither is there any merit to defendants' claim that the oral pronouncement of ruling contained in the reporter's transcript is rendered ambiguous by the fact that respondent adopted their proposed expungement order.

This argument is invalid because the April 7 transcript shows unequivocally that the formal pronouncement of ruling is respondent's ruling and we need not look to prior out-of-context comments or posthearing events to understand it.

In addition, the credibility of this argument is fatally undermined by the completely inconsistent position taken by defendants in their written opposition to plaintiff's proposed draft of the expungement order which does not even suggest that plaintiff's draft contained any inaccuracies and which urges that the April 7 transcript provides "an ample record" for writ review. Finally, the April 7 transcript shows that respondent ordered defendants to prepare the order.

Given these considerations, we find no merit in defendants' arguments.

Section 409.1 explicitly authorizes expungement of lis pendens in 'only two situations. The first is when the recording party fails to meet his burden of showing to the satisfaction of the court by a preponderance of the evidence that the action "does affect title to or right of possession of the real property." The second is when he fails to establish that the action is prosecuted "for a proper purpose and in good faith."[3]

The evidentiary standard applicable to this showing of "proper purpose and good faith" is that the trial court may not conduct a minitrial on the merits of the action to determine its probable outcome at trial. The inquiry is restricted to (1) whether plaintiff's verified allegations and other evidence demonstrate a prima facie case on the merits of his action to show his good faith and his proper purpose and (2) whether the party seeking expungement produces direct evidence, independent of the ostensible merits of the action, that plaintiff lacks faith in the merits of his action or that he prosecutes it primarily to force an unreasonable settlement or to harass the defendant. The trial court may consider the ostensible weakness of the action only to evaluate the credibility of such independent evidence of improper purpose or bad faith. (*Malcolm v. Superior Court, supra,* 29 Cal.3d at pp. 528-529.)

The last paragraph of section 409.1, upon which respondent appears to have relied in ordering expungement, states: "The court, as a condition of

---

[3] It also appears that expungement may be ordered when the party prevailing under the two criteria of section 409.1 is required to give an undertaking pursuant to the last paragraph of section 409.1 and fails to do so. But we need not address this point, as it is not raised.

granting or denying the motion to expunge, may require that *the party prevailing upon such motion* give the other party an undertaking. . . ." (Italics added.) ▆▆ It is manifest that this language refers to the party prevailing on the merits of the "affects title" and "proper purpose and good faith" criteria. These dual criteria are the exclusive test applied by the courts since the statute became effective in 1969. A contrary construction would vitiate these criteria by permitting the trial court to make any party the "prevailing party" simply by requiring it to give an undertaking.

Respondent's contrary interpretation, which appears derived from certain language in *Malcolm* v. *Superior Court, supra,* 29 Cal.3d at pages 529-530, is incorrect.

In *Malcolm* the recording party was held to have prevailed on the merits of the section 409.1 "proper purpose and good faith" issue. The losing moving party faced potential damages from continued pendency of the notice against his title. It is on these facts that *Malcolm* construed the final paragraph of section 409.1 to authorize monetary protection for an unsuccessful moving party. *Malcolm* points out that that paragraph gives trial courts ". . . discretion to require whichever party prevails on the expungement motion to provide an undertaking so as to protect the opposing party from potential loss." (29 Cal.3d at p. 529.) *Malcolm* says nothing permitting trial courts to ignore the criteria of subdivisions (a) and (b) of section 409.1 and determine the prevailing party on the basis of who is to give an undertaking.

An additional reason to reject respondent's statutory construction is found in section 409.2, which was enacted simultaneously with section 409.1. The sole focus of section 409.2 is to authorize trial courts to expunge lis pendens—even if the action affects title and is maintained for a proper purpose and in good faith—if the court finds that the property is sought only for its monetary value, rather than for its unique character and location as a unique parcel of property, and thus adequate relief can be secured to the recording party by requiring such undertaking. (See *Malcolm* v. *Superior Court, supra,* 29 Cal.3d at p. 530, fn. 8; *Trapasso* v. *Superior Court* (1977) 73 Cal.App.3d 561, 567 [140 Cal.Rptr. 820]; *Empfield* v. *Superior Court* (1973) 33 Cal.App.3d 105, 108 [108 Cal.Rptr. 375].) If respondent's construction of section 409.1 were correct, that statute would render section 409.2 superfluous.

For these reasons we conclude respondent clearly abused its discretion and exceeded its jurisdiction when it granted expungement after ruling in favor of plaintiff on the issues of "proper purpose" and "good faith."

## II*

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .

## III

Let a peremptory writ of mandate issue directing respondent to vacate its orders of April 7 and May 2, 1988, granting the expungement motion upon defendants' giving of an undertaking as the "prevailing party," and to make a new and different order in conformity with the views expressed herein. It is further ordered that this court's May 27, 1988, temporary stay order, which restrains enforcement of respondent's May 2, 1988, expungement order, shall remain in effect until this decision becomes final as to this court.

George, J., and Goertzen, J., concurred.

A petition for a rehearing was denied December 7, 1988.

---

* See footnote, *ante,* page 1156.