[No. B043869. Second Dist., Div. Six. Oct. 27, 1989.]

CLINTON HILBERG et al., Petitioners, v.
THE SUPERIOR COURT OF SAN LUIS OBISPO COUNTY,
Respondent;
EDDIE MENDRIN, Real Party in Interest.

540

COUNSEL

Michael S. Krout for Petitioners.

No appearance for Respondent.

No appearance for Real Party in Interest.

OPINION

ABBE, J.—In this proceeding, we consider whether respondent superior court abused its discretion in denying petitioners' motion to expunge a lis pendens. (Code Civ. Proc., § 409.1.) We hold that the court erred in its refusal to give due consideration to evidence that suggested that there was no merit in the complaint, and shall grant the petition for a writ of mandate.

FACTS

Petitioners Clinton Hilberg and Lorraine Hilberg (hereafter referred to as Hilbergs) are defendants in a complaint for specific performance of a contract to purchase real property brought against them by real party in interest, Eddie Mendrin (hereafter referred to as Mendrin). Mendrin alleges that the Hilbergs agreed to sell certain real property to him. It is averred that, on March 19, 1986, he gave notice of the exercise of his option to purchase Hilbergs' property, placed $5,000 into escrow, but Hilbergs have refused to comply with the terms of the option agreement. Mendrin filed a lis pendens against the property.

On July 18, 1989, a hearing on Hilbergs' motion to expunge was held. They asserted that there was a patent lack of merit in Mendrin's lawsuit, and the Hilbergs presented statements made by Mendrin at his deposition that indicate a lack of merit in his claim.[1]

In addition, Hilbergs tendered evidence that Mendrin had attempted to materially alter his contract with them prior to any attempt to exercise it and that, at the 11th hour, he was negotiating with lenders in order to

---

[1] At his deposition, Mendrin had testified that: (1) he did not give written notice of his intent to exercise the option prior to the expiration date as required; (b) he did not deposit $5,000 into an escrow account prior to the option expiration date as required; (c) he did not deposit the remaining funds and instruments necessary to complete the sale within 30 days of the opening of escrow, as required; and (d) he did not examine the title to the property and report any valid objections within 15 days of the exercise, as required.

obtain funds necessary to purchase the property when the option expired. Hilbergs also averred that, in November of 1986 they notified Mendrin of an offer to sell the property to him upon the same terms as previously proposed. However, Mendrin refused to act upon these terms unless Hilbergs agreed to carry a note in the sum of fifty thousand dollars ($50,000). Finally, Hilbergs alleged that Mendrin told them he would "fix them" and would "cloud title to the property."

Significantly, Mendrin did not present any declaration in opposition to the motion to expunge. Nonetheless, the court denied the motion upon the ground that the action affects title and possession to real property. The trial court was of the view that once it determined that Mendrin had alleged a prima facie case relating to title of the real property, it was not necessary for it to consider any evidence of the lack of merit in Mendrin's case-in-chief.

## DISCUSSION

■ "A lis pendens is not a shortcut method of attachment for unsecured creditors." (*Deane* v. *Superior Court* (1985) 164 Cal.App.3d 292, 297 [210 Cal.Rptr. 406].) We cannot ignore as judges what we know as lawyers— that the recording of a lis pendens is sometimes made not to prevent conveyance of property that is the subject of the lawsuit, but to coerce an opponent to settle regardless of the merits. (*Malcolm* v. *Superior Court* (1981) 29 Cal.3d 518, 524 [174 Cal.Rptr. 694, 629 P.2d 495].)

Thus, not surprisingly, the history of lis pendens legislation indicates a legislative intent to restrict, rather than broaden, the application of the remedy. (*Moseley* v. *Superior Court* (1986) 177 Cal.App.3d 672, 678 [223 Cal.Rptr. 116].) Accordingly, in order to avoid vexing society by clouding title to real property with frivolous claims, a lis pendens is a remedy which must be narrowly applied. (*Malcolm* v. *Superior Court, supra,* 29 Cal.3d at p. 524.)

Code of Civil Procedure section 409.1 requires expungement unless the proponent of the lis pendens can establish that: (a) the action affects title to or right to possession of the real property; and

(b) he has commenced or prosecuted the action for a proper purpose and in good faith.

The lawsuit here concerns title and possession of real property. A perusal of the pleadings indicates that Mendrin has pled a prima facie case showing that he would be entitled to relief if the evidence presented is credited. (*Malcolm* v. *Superior Court, supra,* 29 Cal.3d at p. 529.)

■ The more difficult question presented is whether the trial court abused its discretion when it ruled that there was no need to consider Hilbergs' offer of proof that suggested the weakness of Mendrin's case. In *Malcolm* v. *Superior Court, supra,* 29 Cal.3d 518, our Supreme Court cautioned that, in ruling upon a motion to expunge, it is not necessary to conduct a minitrial on the merits to determine the probable outcome at trial. However, this language should not be read so that a trial court's hands are completely tied when evidence is presented that suggests a blatant lack of merit in plaintiff's case. "Because the question of a person's motive in filing a lawsuit relates primarily to his subjective state of mind, the issues of proper purpose and good faith must often be determined by inference from a variety of circumstantial evidence and we recognize that in some instances *the patent lack of merit of a lawsuit may strongly suggest that the plaintiff has not filed the action for a proper purpose or in good faith.*" (*Id*. at p. 528, italics added.)

The rule that emerges from *Malcolm,* and its progeny, is that if there is a showing of a patent lack of merit in the underlying lawsuit, the court must weigh this evidence in order to evaluate credibility of independent evidence of improper purpose or bad faith on the part of the party who filed the lis pendens. (*Peery* v. *Superior Court* (1981) 29 Cal.3d 837, 844 [176 Cal.Rptr. 533, 633 P.2d 198]; *Erb* v. *Superior Court* (1988) 205 Cal.App.3d 1156, 1161 [252 Cal.Rptr. 881]; *Greenberg* v. *Superior Court* (1982) 131 Cal.App.3d 441, 446 [182 Cal.Rptr. 466].)

Here, Hilbergs' expungement motion was premised on the argument that Mendrin had not fully complied with any of the conditions of the option to purchase. As mentioned, they had provided evidence that Mendrin did not have the financial ability to perform as a purchaser under the option to purchase. For instance, Mendrin had instructed a representative of the escrow company to withhold deposit of the $5,000 check until such time as all the escrow papers were signed. This was in direct contravention to the agreed upon terms of the option contract. In addition, Mendrin did not have the requisite funds to perform on the expiration date, but was in the process of negotiating for a loan. Finally, evidence was introduced that Mendrin unilaterally added a condition to the agreement that sellers were to furnish and pay for a structural pest control inspection.

The evidence of Mendrin's inability to duly perform under the terms of the contract implies that the present lawsuit may have been filed for the improper purpose of tying up the property and coercing a settlement. We conclude that the trial court abused its discretion in refusing to take into consideration the evidence before it which rebutted Mendrin's claim of good faith.

## CONCLUSION

■ The petition for the writ was made on due notice. Mendrin has elected to not file any opposition to the petition. This court is thus empowered to issue a peremptory writ in the first instance without the need to issue an alternative writ. (Code Civ. Proc., §§ 1088, 1104, 1105; *Palma* v. *U.S. Industrial Fasteners, Inc.* (1984) 36 Cal.3d 171, 178-180 [203 Cal.Rptr. 626, 681 P.2d 893]; *People* v. *Turner* (1850) 1 Cal. 143, 151.)

Let a peremptory writ of mandate issue directing the respondent court to vacate its order denying the motion to expunge the lis pendens, and to reconsider said motion in light of the views expressed in this opinion.

Stone (S. J.), P. J., and Gilbert, J., concurred.