Filed 1/22/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LORING DE MARTINI,<br><br>     Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF SAN MATEO COUNTY,<br><br>     Respondent;<br><br><br>PUJA GUPTA,<br><br>     Real Party in<br>     Interest. | A168529<br><br>(San Mateo County Super. Ct. No. 22-CIV-02582) |

In 2020, Loring De Martini agreed to sell Puja Gupta a commercial property; when a dispute arose, they engaged in arbitration. Gupta filed a petition to confirm a subsequent arbitration award and recorded a lis pendens — "a recorded document giving constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." (*Urez Corp. v. Superior Court* (1987) 190 Cal.App.3d 1141, 1144.) Gupta obtained a judgment confirming the arbitration award, but she abandoned the case after De Martini successfully moved to expunge the lis pendens.

Gupta thereafter filed a new action seeking to compel De Martini to complete the sale, and she recorded another lis pendens on the property.

1

De Martini moved to expunge the new lis pendens, arguing, among other things, that Code of Civil Procedure section 405.36 (undesignated statutory references are to this code) required Gupta to seek leave of the trial court before its recording because it affected the same property and was recorded by the same claimant. In addition, De Martini argued Gupta did not establish by a preponderance of the evidence the probable validity of any real property claim. The trial court denied the motion, concluding section 405.36 only applies to successive lis pendens filed in the *same* action, and Gupta established a prima facie case regarding the probable validity of a real property claim.

De Martini filed a petition for a writ of mandate, which is the exclusive means for challenging an order denying expungement. (§ 405.39; *J & A Mash & Barrel, LLC v. Superior Court* (2022) 74 Cal.App.5th 1, 16 (*J & A*).) We issued an order to show cause because De Martini had no other adequate appellate remedy. (*Powers v. City of Richmond* (1995) 10 Cal.4th 85, 114.) We now grant the petition for a writ of mandate because the trial court erred in both determinations.

## BACKGROUND

In January 2020, De Martini and Gupta entered a $6 million all-cash commercial purchase/sale agreement for property — site of The Van's Restaurant — in Belmont (City). Within months of entering the agreement, De Martini disputed the timing of Gupta's obligation to pay an additional $850,000 deposit. The parties engaged in arbitration, and the arbitrator determined the obligation to pay the additional deposit was contingent upon a final determination that The Van's Restaurant is not historical and can be demolished.

2

Gupta filed a petition to confirm the arbitration award (*Gupta I*) and recorded a 2021 lis pendens on the property. De Martini responded to the petition and filed a cross-petition to vacate the award. The trial court denied the cross-petition and granted the petition to confirm the award. The court signed a judgment, stating De Martini "must cooperate in facilitating" the historical review, and such cooperation "includes, but is not limited to providing relevant documentation, records and/or signatures required by the City." Moreover, after "final determination of the historical issue by the City, Petitioner and Respondent are to move, promptly, to complete this transaction."

Gupta moved to enforce the judgment. In November 2021, De Martini moved to expunge the lis pendens as void and invalid. Relevant here, the trial court denied Gupta's motion to enforce the judgment because notice of entry of the judgment had not been filed and served. The court also granted De Martini's motion to expunge the lis pendens because the civil proceeding was solely a petition to confirm the arbitration award — there was no real property claim and no cause of action to quiet title.

After abandoning the litigation in *Gupta I*, Gupta filed another complaint against De Martini (*Gupta II*) in which she requested an order requiring De Martini to execute the development application documents to allow the City to complete its historical review process. She also requested an order requiring De Martini to complete the terms of the sale under the original purchase agreement. She recorded another lis pendens on the same property, noting her action for specific performance affects real property. De Martini moved to expunge the latest lis pendens.

The trial court denied De Martini's expungement request. It explained the complaint stated a real property claim since the agreement at issue was a

3

contract for the purchase of property, which necessarily includes transfer of title. In addition, the court found Gupta had established a prima facie case that her claim had probable validity. Finally, the court concluded section 405.36 did not require Gupta to seek leave of the court before recording and filing a lis pendens, even though the previous lis pendens was expunged in a prior, related lawsuit. Rather, court authorization to file a second lis pendens is only required if the first, expunged lis pendens was recorded *in the same action*. The court awarded Gupta attorney fees.

De Martini filed a petition for writ of mandate and a stay of the order awarding attorney fees. We issued a stay and an order to show cause.

## DISCUSSION

De Martini makes a series of arguments why we should vacate the trial court's order denying his motion to expunge the lis pendens. We address each in turn.

A writ of mandate lies "to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station." (§ 1085, subd. (a).) The writ must issue in cases where there is no plain, speedy, and adequate remedy in the ordinary course of law. (§ 1086.) We review the trial court's findings of fact for substantial evidence, but independently review legal issues, such as those involving statutory interpretation. (*J & A, supra*, 74 Cal.App.5th at p. 17.)

A party in an action asserting a real property claim may record a lis pendens. (§ 405.20; *J & A, supra*, 74 Cal.App.5th at p. 15.) It notifies "prospective purchasers, encumbrancers and transferees that there is litigation pending that affects the property." (*Amalgamated Bank v. Superior Court* (2007) 149 Cal.App.4th 1003, 1011.) It "acts as a cloud against the property, effectively preventing sale or encumbrance until the litigation is

4

resolved or the [notice] is expunged." (*Ibid*.) Once a party records a lis pendens, any party with an interest in the property may move to expunge the notice under section 405.30. (*J & A*, at p. 16.) Section 405.30 is intended to prevent an unwarranted clouding of a party's title with an inappropriate or void notice of pending action. (*McKnight v. Superior Court* (1985) 170 Cal.App.3d 291, 303.) Relevant here, a lis pendens may be expunged if the action does not contain a real property claim or the claimant fails to establish the probable validity of the real property claim. (§§ 405.31, 405.32; *J & A*, at p. 16.)

## I.

Relying on section 405.36, De Martini argues that, in cases in which a claimant's lis pendens in a prior, related proceeding has been expunged, the same claimant must seek court permission before filing a lis pendens on the same property in a subsequent proceeding. Because the trial court in *Gupta I* already expunged a lis pendens on the property — and Gupta did not receive court authorization prior to recording the second lis pendens on the same property — the court was required to expunge the notice in *Gupta II*. We agree.

When construing a statute, we determine the Legislature's intent and effectuate the law's purpose by examining the statutory language, giving the words their plain and ordinary meaning. (*Los Angeles County Metropolitan Transportation Authority v. Alameda Produce Market, LLC* (2011) 52 Cal.4th 1100, 1106–1107.) If the statutory text is unambiguous, the plain meaning controls. (*Id*. at p. 1107.) But if the language "supports more than one reasonable construction," "we may look to extrinsic aids," such as the legislative history. (*Ibid*.) The construction that most closely comports with the Legislature's apparent intent controls if it promotes rather than defeats

the purpose of the statute and does not lead to absurd consequences. (*Estate of Griswold* (2001) 25 Cal.4th 904, 910–911.)

Here, the plain language supports De Martini's interpretation. Section 405.36 provides, "[o]nce a notice of pending action has been expunged, the claimant may not record another notice of pending action as to the affected property without leave of the court in which the action is pending." The statute identifies the circumstances under which a claimant — "a party to an action who asserts a real property claim and records a notice of the pendency of the action" — must seek leave before recording an additional lis pendens on the same property. (§ 405.1.)

First, a claimant's initial lis pendens on a property must have been expunged. (§ 405.36.) The use of the indefinite article "a" before "notice of pending action" signals a general reference to any and all notices, rather than a particular notice. (*Pineda v. Bank of America, N.A.* (2010) 50 Cal.4th 1389, 1396–1397.) Second, the same claimant must desire to record a second lis pendens on the same property — "the claimant may not record another notice of pending action as to the affected property." (§ 405.36.) The statute's use of the definite article "the" before "claimant" demonstrates the Legislature was referring to a specific claimant. (*Pineda*, at p. 1397.) And by stating the claimant may not record "another notice of pending action," the statute indicates the provision applies to claimants who recorded the prior, expunged lis pendens, i.e., the same claimant. (§ 405.36.) Moreover, by referring to "the" affected property, the statute indicates the Legislature was referring to the specific property that was the subject of the prior, expunged lis pendens. (*Pineda*, at p. 1396.) If both circumstances are present, the claimant must seek leave of court in which "the action is pending" before filing another lis pendens on the same property — even in a different action. (§ 405.36.)

6

Gupta argues the trial court properly interpreted section 405.36 as requiring court authorization to file a second lis pendens only if the first one was recorded *in the same action*. But she fails to identify, and we cannot find, language imposing the "same action" requirement. (*California Teachers Assn. v. Governing Bd. of Rialto Unified School Dist.* (1997) 14 Cal.4th 627, 633 [the " 'court has no power to rewrite the statute so as to make it conform to a presumed intention which is not expressed' "].) The "plain language of section 405.36 leaves little doubt it applies here," even though the prior lis pendens was expunged in a different action. (*Fid. Nat'l Title Co. v. United States SBA* (E.D.Cal., Nov. 13, 2015, No. 2:13-cv-02030-KJM-AC) 2015 U.S.Dist. Lexis 154076, *13; *Farm Raised Salmon Cases* (2008) 42 Cal.4th 1077, 1096, fn. 18 [unpublished federal opinions may be cited as persuasive authority].)

*Rebco Dev., Inc. v. Superior Court* (1977) 67 Cal.App.3d 13 does not alter this conclusion. That case predates section 405.36, which became effective in 1993. (Stats. 1992, ch. 883.) Previously there was no statutory requirement for leave of court to file another lis pendens when the first lis pendens had been expunged. Moreover, the claimant in *Rebco* filed two lis pendens in different cases and *against different* defendants. (*Rebco*, at p. 15.) The court determined the issues in the first and second expungement hearings were different, and the notices were filed in different actions between two different parties. (*Id.* at pp. 17–18.) Thus, collateral estoppel did not bar the second notice. (*Id.* at p. 17.)

Here, in addition to being governed by section 405.36, Gupta is the plaintiff and De Martini is the defendant in both *Gupta I* and this case, and the action concerns the same property. (*Fid. Nat'l Title Co. v. United States SBA*, *supra*, 2015 U.S.Dist. Lexis 154076 at p. *13.) And although *Gupta I*

7

involved a petition to confirm an arbitration award, the judgment required De Martini to cooperate in providing documentation and signatures to the City and complete the property sale.  In *Gupta II*, Gupta seeks an order requiring De Martini to execute the development application documents and complete the sale of the property — the "case is effectively the same case" as *Gupta I*.  (*Fid. Nat'l*, at p. * 14.)  Once the previous notice was expunged in *Gupta I*, Gupta "could not 'record another notice of a pending action as to [The Van's Restaurant site] without leave' " of the trial court below, the only court " 'in which the action is pending.' "  (*Fid. Nat'l*, at p. * 13.)  Allowing Gupta "to record, at will, a second notice of lis pendens after the first had been expunged would simply invite more of the abuse which the statute was intended to cure."  (*Ranchito Ownership Co. v. Superior Court* (1982) 130 Cal.App.3d 764, 771.)

"Although we need not go further because the statutory language is unambiguous," we examine the legislative history which confirms our reading of the language.  (*Becerra v. Superior Court* (2020) 44 Cal.App.5th 897, 920.)  It "indicates a legislative intent to restrict rather than broaden the application" of the lis pendens remedy.  (*Urez Corp. v. Superior Court*, *supra*, 190 Cal.App.3d at p. 1145.)  The expungement statute, former section 409.1, was added in 1968 "in an attempt to alleviate problems which had arisen from the misuse of notices of lis pendens."  (*Malcolm v. Superior Court* (1981) 29 Cal.3d 518, 524 (*Malcolm*); Stats. 1968, ch. 815, § 1.)  Then, as now, recording a notice of pending action did not require prior court approval or supervision and could cloud the title of real property.  (*Malcolm*, at p. 524.)  "Because the recording of a lis pendens placed a cloud upon the title of real property until the pending action was ultimately resolved, a time period frequently encompassing several years, the lis pendens procedure was

8

susceptible to serious abuse, providing unscrupulous plaintiffs with a powerful lever to force the settlement of groundless or malicious suits." (*Ibid*.)

Assembly Bill No. 3620 (Reg. Sess. 1991–1992) substantially revised the lis pendens statutes. (Stats. 1992, ch. 883.) Among other things, it repealed former section 409.1 and added section 405.36, specifically requiring "leave of the court to rerecord a notice of pendency of action after such a notice in the action has been previously expunged." (Stats. 1992, ch. 883.) The provision "disallowed rerecording of an expunged lis pendens without consent of the court." (Code Com., 14a West's Ann. Code Civ. Proc. (2022 ed.) foll. § 405.36, p. 256.) Rather, it "requires leave for re-recording of *any* expunged lis pendens." (*Ibid*, italics added.) In doing so, the Legislature made clear claimants were required to obtain court leave before a second notice of pending action could be filed following the expungement of a first notice involving the same claimant and property. A contrary reading would undermine the statute. It would "allow a plaintiff to sue, record a notice of pending action, voluntarily dismiss the claim without prejudice, and strategically burden their adversary with a new claim and new notice at will" — the very abuse section 405.36 was intended to remedy. (*Fid. Nat'l Title Co. v. United States SBA, supra*, 2015 U.S.Dist. Lexis 154076 at p. *14.) In sum, the notice of pending action recorded in *Gupta II* must be expunged. (*Ibid*.)

## II.

De Martini next contends the notice of lis pendens must also be expunged because Gupta's complaint does not assert a real property claim. This argument is meritless.

9

Parties who assert a real property claim may record a lis pendens. (§ 405.20.) A real property claim is "one that affects title or possession of the subject property." (*Urez Corp. v. Superior Court, supra*, 190 Cal.App.3d at p. 1149; § 405.4.) The "court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim." (§ 405.31.) In making this determination, the court must engage in a " 'demurrer-like analysis,' " asking whether the claimants have pled facts entitling them to the remedy they seek. (*Park 100 Investment Group II, LLC v. Ryan* (2009) 180 Cal.App.4th 795, 808; *Campbell v. Superior Court* (2005) 132 Cal.App.4th 904, 922.)

Here, Gupta alleged De Martini refused to execute the development application documents, thus preventing transfer of the real property pursuant to their commercial purchase/sale agreement. Her complaint seeks an order requiring De Martini to complete the terms of sale under the purchase agreement. It explicitly seeks specific performance of a contract to purchase the property — a real property claim. (*Hilberg v. Superior Court* (1989) 215 Cal.App.3d 539, 542.) None of De Martini's arguments persuade us otherwise.

## III.

Finally, De Martini contends the trial court erred by applying a prima facie standard for determining whether Gupta established the probable validity of her real property claim. We agree.

The trial court must order a lis pendens be expunged if the claimant fails to establish by a preponderance of the evidence the probable validity of the real property claim. (§ 405.32.) Unlike other motions, nonmoving parties must demonstrate the existence or probable validity of their real property claims. (*Kirkeby v. Superior Court* (2004) 33 Cal.4th 642, 647.) Probable

10

validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." (§ 405.3.) Thus, when presented with a pretrial motion to expunge a lis pendens, the court must grant the motion unless the claimant establishes " 'by a *preponderance of the evidence* the probable validity of the real property claim.' " (*Amalgamated Bank v. Superior Court*, *supra*, 149 Cal.App.4th at p. 1016, italics added.)

Here, the trial court, citing *Howard S. Wright Construction Co. v. Superior Court* (2003) 106 Cal.App.4th 314, found the evidence established "a prima facie case of a breach, one that is capable of being remedied by specific performance." Thus, it concluded the lis pendens cannot be expunged for the claim's lack of probable validity. While only requiring a claimant to make a prima facie case may have been appropriate when applying the *former* lis pendens expungement provisions as interpreted by *Wright*, it was incorrect here. Former section 409.1 provided, in relevant part, the court shall order a notice of pendency of action be expunged unless the party filing the notice shows by a preponderance of the evidence the action does affect title or right of possession of real property and the party commenced or prosecuted the action for proper purpose and in good faith. "Notwithstanding this statutory directive of proof by a preponderance of the evidence," the court in *Malcolm* interpreted that provision as precluding the court from weighing or critically evaluating the evidentiary merits of the motion to expunge. (Code Com., 14a West's Ann. Code Civ. Proc., *supra*, foll. § 405.3.) The "propriety of expungement" did not depend on the "likely outcome of plaintiff's lawsuit." (*Malcolm*, *supra*, 29 Cal.3d at p. 528.) And a plaintiff was only required to present a prima facie case to retain the lis pendens on the property. (*Id*. at p. 522.) Review "was reduced to little more than a demurrer-like examination of the adequacy of pleadings." (Code Com., 14a West's Ann.

11

Code Civ. Proc., *supra*, foll. § 405.32, p. 242.)  This was all appropriate for a prima facie burden of proof — the "defining feature of the prima facie standard is that it creates an initial burden on a moving party to proffer evidence that would support a favorable ruling without a court's consideration of conflicting evidence put forth by the opponent."  (*Finley v. Superior Court* (2023) 95 Cal.App.5th 12, 21.)

But to curb abuses of the lis pendens statute, the 1992 amendments required, among other things, the recording party to show by a preponderance of evidence that the action is probably valid.  (*Hunting World, Inc. v. Superior Court* (1994) 22 Cal.App.4th 67, 73.)  Indeed, "the former statute did not carefully distinguish between the concepts of adequate pleading of a claim justifying a lis pendens and the evidentiary merit of the claim."  (Code Com., 14a West's Ann. Code Civ. Proc., *supra*, foll. § 405.4, p. 199.)  The amended statute thus requires a minitrial on the merits for making a probable validity finding, not a "quasi demurrer-like analysis" as the trial court noted here.  (*Amalgamated Bank v. Superior Court*, *supra*, 149 Cal.App.4th at p. 1016.)  Nothing in the statute indicates the claimant is only required to make a prima facie case regarding the probable validity of the real property claim.  Rather, the statute expressly states the standard is preponderance of the evidence.  (§ 405.32.)  This is particularly true where, as here, the defendant made an appearance by filing a general denial of Gupta's claim.  (*Howard S. Wright Construction Co. v. Superior Court*, *supra*, 106 Cal.App.4th at p. 319 [" 'If the defendant makes an appearance, the court must then consider the relative merits of the positions of the respective parties and make a determination of the probable outcome of the litigation' "]; *California Dental Assn. v. American Dental Assn.* (1979) 23 Cal.3d 346, 351.)

Because the trial court erred by applying the prima facie burden of proof for determining whether Gupta established the probable validity of her real property claim, we do not address De Martini's argument Gupta failed to make a prima facie case that she would likely obtain a favorable judgment. In light of these conclusions, we also vacate the grant of attorney fees to Gupta. (§ 405.38.) We do not require the court to enter an order granting De Martini his attorney fees associated with the motion to expunge the second lis pendens. Rather, we leave the issue to the court to determine whether there are special findings supporting the denial of fees. (*Ibid*.)

## DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order denying expungement of the notice of pending action and to enter a new and different order: (1) granting the requested expungement because Gupta did not seek leave from the trial court before recording the lis pendens; (2) vacating Gupta's award of attorney fees; and (3) ruling on De Martini's motion for attorney fees. The stay previously imposed is dissolved upon the issuance of the remittitur. De Martini is entitled to recover his costs in this writ proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

13

_____
RODRÍGUEZ, J.

WE CONCUR:

_____
TUCHER, P. J.

_____
FUJISAKI, J.

A168529

San Mateo County Superior Court, Hon. Nicole S. Healy.

Law Offices of Joe Della Santina, A.K. Abraham, for Petitioner.

No appearance for Respondent.

Pahl & McCay, Stephen D. Pahl and Eric J. Stephenson, for Real Party in Interest.